OPINION of the Court, by
Ch. J. Boyee.
.The ma'n question is, whether the inf ncy of one tenant in common will prevent the statute oflimitations fromrun-ning against his cotenant, wfho is of full age and labors ulK'er n0 disability 1
The court below decided this question in the negative, and we have no doubt of the correctness of the decision. Tenants in common, though when in possession they are seized per moi and per tout, have nevertheless several rights, and eanriot join in a real action. — 4 Com. Dig. 74. Nor can they reeoyer in an ejectment upon a joint demise, as lias been solemnly decided by this court ⅛ the case of Innis, &c. vs. Crawford, ante 241.
As then their rights are several, it is plain that the right of one may be lost, notwithstanding that of the other may be saved; and ,as they must bring several *413 fictions, it would be absurd to suppose that the one whose right is lost might maintain his action, merely because the other whose right is saved by the statute may do so.
The cases referred to by the counsel for the plaintiffs in error, are in principle widely different from the present. In the case of Kennedy’s heirs vs. Duncan, Hard. 365, it was held that five years was no bar to a writ of error, where some o fthe plainti ffs were infants, though others were of full age; but it was expressly upon the ground that they were compelled to join in a writ of error. So in the case of Wooley vs. Bruce, 2 Bibb 105, which involved the question of the right of making a survey after the time limited for making surveys had expired, except in the case of infants. &c. it was held that the infancy of some of the part owners' of the entry gave the right of survey ; but that was also upon the principle that the survey being an entire thing, the right of the infants to make the survey would have been lost, although expressly saved to them bylaw, if it could not have been made in the joint names of all the proprietors.
These cases, therefore, evidently have in principle no analogy to the present; and so far as any inference applicable to this case can be deduced from them, it would seem rather to fortify than impugn the decision of the court below.
Judgment affirmed with costs.