JOHN MOORE *et al.*, plaintiffs in error, *v.* JABEZ CAPPS, defendant in error.

*Error to Sangamon.*

Where the Statute of Limitations is pleaded, and there is any matter which takes the case out of the operation of the Statute, it should be set up in a replication. The Statute of Limitations was pleaded to a writ of error, brought by several plaintiffs, and replication that two of them were still infants, and that another arrived at full age within five years next before the suing out of the writ of error. There was a general demurrer to the replication: *Held*, that the Statute permitting either of several parties to remove a cause by appeal or writ of error into the Supreme Court and to use the names of the others, if necessary, those plaintiffs in the case, who had been of full age more than five years, could not avail themselves of the non-age of some of their co-plaintiffs to accomplish indirectly what they would not be allowed to do directly.

BILL IN CHANCERY, originally filed by the defendant in error against the plaintiffs in error, in the Peoria Circuit Court. The bill was taken *pro confesso* against the infant defendants, and a specific performance decreed at the September term 1836, the Hon. Thomas Ford, then Circuit Judge, presiding.

The case was heard in this Court on demurrer to plea and replication.

*A. Williams*, for the plaintiffs in error.

If one of the persons against whom a decree is given be an infant, his infancy will prevent the Statute of Limitations from barring the persons who are co-parties with him. The whole of the parties in such case may prosecute a writ of error to reverse such decree, at any time within five years from the maturity of such infant. *Kennedy's heirs* v. *Duncan &c.*, Hardin, 366–7; *May's heirs* v. *Bennett*, 4 Littell, 313–14; *Wilkins* v. *Philips*, 3 Ham. 49; 1 Ohio Cond. R .464; 5 Cruise's Dig. 243, §§ 1, 22, 30, 38, 39, 43, 53, 54; 2 U. S. Dig. 809, § § 370, 377; *Jones* v. *Henry*, 3 Littell, 43; 2 Peters' Cond. R. 454.

A judgment cannot be affirmed as to one plaintiff, and re-

versed as to another; but must be reversed or affirmed *in toto.* *Zouch* v. *Thompson*, Ld. Raym., 176; *Richard & Finney* v. *Walton*, 12 Johns. 434; *Arnold* v. *Sandford*, 14 do. 425; 6 Com. Dig. 468–9, and cases there cited; *Hall* v. *Williams*, 6 Pick. 246; *Montgomery* v. *Brown*, 2 Gilm. 581.

*S. T. Logan*, for the defendant in error.

*A. T. Bledsoe* concluded for the plaintiffs in error.

The Opinion of the Court was delivered by

TREAT, J. At the September term 1846, of the Peoria Circuit Court, Jabez Capps obtained a decree against John Moore and others, for the specific performance of a contract. It appears on the face of the decree, that some of the defendants were then infants. In September, 1847, a writ of error was sued out in the names of all the defendants below. The defendant in error has pleaded generally, that more than five years elapsed between the rendition of the decree, and the suing out of the writ of error; and that the right of the plaintiffs to maintain their writ of error did not accrue within five years next before the issuing of the writ. There is a general demurrer to the plea. In the opinion of the Court, the plea is good. If there is any matter which takes the case out of the operations of the statute, it should be set up in a replication. It does not follow, because some of the plaintiffs were minors when the decree was pronounced, that they have now the right to prosecute a writ of error for its reversal. It may be that they arrived at full age more than five years before the writ of error was sued out. The Court expresses no opinion upon the question, whether under our statute an adult defendant can take the advantage of the non-age of a co-defendant to reverse a judgment or decree of more than five years' standing. The demurrer is overruled, and leave is given the plaintiffs to reply to the plea.

*Demurrer overruled.*

After the overruling of the demurrer to the plea in this case, a replication was filed, (the substance of which is stated in the following Opinion of the Court,) to which there was also a demurrer:

TREAT, J. The plaintiffs in error have replied to the plea, which the Court on a former day held to be good. The replication alleges that two of the plaintiffs are still infants, and that another of them arrived at full age within five years next before the suing out of the writ of error. There is a general demurrer to the replication. The 53d section of the 83d chapter of the Revised Statutes, reads thus: "A writ of error shall not be brought after the expiration of five years from the passing of the judgment complained of; but when a person, thinking himself aggrieved by any decree or judgment that may be reversed in the Supreme Court, shall be an infant, *feme covert, non compos mentis,* or imprisoned when the same was passed, the time of such disability shall be excluded in the computation of the said five years." The Supreme Court of Kentucky held under a statute precisely like this, that where some of the plaintiffs in a writ of error were within the saving clause of the statute, the case was saved as to all of the plaintiffs. *Kennedy* v. *Duncan,* Hardin's R. 365. The decision, however, was put expressly on the ground that the parties could not sever, but must all join in the writ of error; and as those of full age could not maintain a several writ of error, and had not the right of compelling the infants to join with them, the saving for the benefit of the infants must necessarily accrue to the benefit of the adults; otherwise, the latter would be deprived of their right without their fault. See, also, the cases of *Thomas* v. *Mackin,* 4 Bibb, 412; and *Wilkins* v. *Philips,* 3 Ham. 48. Such would undoubtedly be the rule here, but for the 51st section of the chapter before referred to, which provides that: "In all cases where a judgment or decree shall be rendered in any Circuit Court, in any case whatever, either in Law or in Chancery, against two or more persons, either one of said persons shall be permitted to re-

move said suit to the Supreme Court by appeal or writ of error, and for that purpose shall he be permitted to use the names of all of said persons, if necessary." This provision removes all of the obstacles in the way of the parties, free from legal disability, to the prosecutien of a writ of error, within the time limited by the statute. Those of full age are not compelled to join the infants, but may sever by suing out a separate writ of error in their own names. The reason of the rule ceasing, the rule itself should cease. In the present case, the most of the plaintiffs were long since barred of their right to reverse the decree. They ought not now to be permitted, by availing themselves of the non-age of some of their co-plaintiffs, to accomplish indirectly what they would not be allowed to do directly. In this case, there was no necessity for all of the defendants below to join in the writ of error. As it is, they have all joined in a writ of error, which but a part can maintain. The joint writ must therefore be dismissed, and such of the plaintiffs, as are within the saving clause of the statute, must resort to their separate writ of error to reverse the decree. It is proper to remark that they may join in bringing the writ. If they do so, and the decree is found to be erroneous, it will then be in time to determine the question whether the decree shall be wholly reversed.

The demurrer will be sustained to the replication, and the writ of error dismissed with costs.

*Demurrer sustained.*