KIMBERLING *v.* HALL and Another.

May Term, 1858.

KIMBERLING
v.
HALL.

Under the code, the use of the traverse in the reply is precisely similar to its use in the answer. It simply puts at issue the truth of the matters alleged.

Hence, new matter in avoidance of the answer must be specially pleaded: otherwise, it cannot be proved on the trial.

APPEAL from the *Madison* Court of Common Pleas.

DAVISON, J.—The appellees were the plaintiffs below, and *Kimberling* was the defendant.

*Friday, June* 18.

The complaint charges the defendant with having seized and appropriated to his own use a certain quantity of corn and corn-fodder belonging to the plaintiffs, of the value of 300 dollars.

The following is the defense set up in the answer: One *Evans*, being the owner in fee of a tract of land, rented it to one *Bradberry* for the term of ten years. Before the expiration of the lease, the defendant purchased the land of *Evans*, subject to the lease. After this the defendant bought of *Bradberry*, the lessee, his unexpired term. The terms of the purchase were reduced to writing and are as follows:

"*July* 27. Agreement between *William T. Bradberry* of the first part, and *Lewis Kimberling* of the second part. The party of the first part has now sold to the party of the second part the lease on which he, *Bradberry*, now lives, for 100 dollars. He agrees to give possession of all the ground on the 20th of *September*, 1855, and he reserves the house until the first day of *October* next.

*William T. Bradberry.*"

Defendant avers that, at the date of this agreement, there was standing and growing upon said lease, a crop of corn, unmatured, which remained thereon growing and unsevered until after possession was given by said *Bradberry*, there being in and by said agreement no reservation, except as to the possession of the house until the first of *October*, 1855; and that the defendant, having in accordance with the agreement entered upon and into possession of the lease, did take and carry away both corn and fodder, as he

May Term, 1858.

KIMBERLING
v.
HALL.

lawfully might, he being the owner thereof by virtue of his purchase, &c.

The plaintiffs replied generally, denying each and every allegation in the answer. The Court tried the cause, and found for the plaintiffs. New trial refused, and judgment.

Upon the trial, the defendant gave in evidence the above agreement, and rested. Whereupon the plaintiffs offered to prove by parol that *Bradberry*, at the time he executed the agreement, reserved the corn crop, and that the same never was sold to the defendant. The introduction of this evidence, though resisted by the defendant, was admitted by the Court; and its admission raises the only question in the case.

The answer, it will be seen, does not traverse the facts stated in the complaint, but sets up new matter in avoidance of the action, to which the plaintiffs have simply replied by a general denial. What, then, is the effect of this reply? The code declares that " all defenses, except the mere denial of the facts alleged by the plaintiff, shall be specially pleaded;" and that " when the answer contains new matter, the plaintiff may reply thereto, denying each allegation, &c., and he may allege any new matter constituting a defense to the answer and not inconsistent with the complaint." 2 R. S. p. 42, §§ 66, 67. In view of these enactments, it is evident that the use of the traverse or denial in the reply is precisely similar to its use in the answer, and that, in effect, it simply puts in issue the truth of the matters alleged. The result is that new matter in avoidance of the answer must be specially pleaded; otherwise, it cannot be proved on the trial. We are, therefore, of opinion that the evidence, in this instance, tending to prove the reservation of the corn crop, was not admissible under the general denial.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*J. Davis*, for the appellant.

*R. Lake*, for the appellees.