## CONKEY *et al. v.* BARBOUR.

LIMITATIONS.—In an action upon a written promise to pay a specified sum of money, which is commenced more than twenty years after the maturity of the promise, the plea of the statute of limitations is a good bar, and the mere fact that payments were made and indorsed upon the written contract within twenty years prior to the commencement of the action would not remove the bar, unless a new promise, which might be inferred from the payments, were specially pleaded by way of replication; because otherwise the evidence of such payments would not be admissible under the issues.

APPEAL from the *Vermillion* Circuit Court.

DAVISON, J.—The appellee, who was the plaintiff, sued the appellants, who were, in the year 1840, partners in business, under the name of "*McCulloch & Conkey*," upon a promissory note for the payment of 192 dollars and 23 cents. The note bears date *December* 11th, 1840, was payable to one *Egbert Hawey,* who assigned it to the plaintiff. The following is a copy of the note, and of indorsements of payment:

"$192.23.                    *Clinton, December* 11th, 1840.

"Due *E. Hawey* or order 192 dollars and 23 cents, value received.                    McCULLOCH & CONKEY."

Indorsements: "Received *February* 6, 1841, 50 dollars; received *March* 12, 1841, 50 dollars; received *June* 22, 1841, 31 dollars; received *March* 8, 1843, 27 dollars." This suit was commenced *January* 18, 1863.

The defendants answered severally. Their respective answers are similar in form and effect, and contain: 1. A denial. 2. They respectively allege that the plaintiff's cause of action did not accrue within twenty years next before the commencement of this suit, wherefore, &c. To the second paragraphs of the answers the plaintiff replied: 1. By a denial; and 2. That the cause of action did accrue within twenty years

Conkey et al. *v.* Barbour.

next before, &c. The Court tried the issues and found for the plaintiff 120 dollars. Motion for a new trial denied and judgment.

The evidence is upon the record. It proves that the note was given by the defendants as partners, but that they dissolved their partnership in the year 1842; and, in relation to the payments indorsed on the note, the plaintiff produced the deposition of *Hawey*, the payee. He testified thus: "A part of said note has been paid. Each payment, at the time it was made, was indorsed on the note as follows: *February* 6th, 1841, 50 dollars; *March* 12th, 1841, 50 dollars; *June* 22d, 1841, 31 dollars; *March* 8th, 1843, 27 dollars. The several sums so paid and indorsed were paid to me personally, and indorsed on the note in my presence. The two first and the last indorsements were made by one or other of the defendants, I don't remember precisely which; but they were made at the time they respectively bear date. The other indorsement is in my hand writing." This was, in substance, all the evidence given in the cause. Was it sufficient to sustain the finding?

The suit, as we have seen, was upon a note due at date; upon an original promise in writing to pay a specified sum of money. The answer sets up, in effect, that the action upon the promise sued on did not accrue within twenty years next before the commencement of the suit. Reply that it was commenced within that period. Now it is very clear that, under the issues thus formed, the plaintiff was not, in view of the evidence, entitled to recover; because it proves that the promise relied on in the complaint was made *December* 11th, 1840, and the result is the evidence, when applied to the issues, at once shows that the action is barred by the statute of limitations. The evidence, it is true, shows a payment, on the 8th of *March*, 1843, from which a new promise may be inferred, and which would save the plaintiff's claim from the

operation of the statute; but of this he could not have availed himself otherwise than by a replication setting up, specially, such new promise within the period limited. 2 Greenleaf's Ev., § 440. But the evidence is said to be defective upon another ground. It proves that when the last payment was made the defendants had dissolved their parnership; that that payment was by one of the defendants, but fails to designate the one who made it; hence it is insisted that no recovery can be had against the defendants, or either of them. This position seems to be correct. In *Van Keuren* v. *Parmelee*, 2 Comst. 523, it was decided "that one of two partners has no authority, after a dissolution of the partnership, to revive a debt against his associate by a new promise, either express or implied, from partial payment." See, also, *Pierce* v. *Toby*, 5 Metcalf, 168; *Barger* v. *Dunoin*, 22 Barb. 68; *Kirk* v. *Hiatt*, 2 Ind. 322. Here the finding against both defendants was plainly unsupported by the evidence, nor was either liable, because, as to which one made the payment, there was no proof.

*Per Curiam.*—The judgment below is reversed, with costs. Cause remanded, &c.

*S. F. & D. H. Maxwell*, and *McDonald & Porter*, for the appellants.