No. 15,363.

## LILLIE *v.* TRENTMAN.

PRACTICE.—*Law of the Case.*—The principles of law established on a former appeal, so far as applicable, remain the law of the case on a second or other appeal, and through all of the subsequent steps taken in said cause, and must be followed, whether right or wrong.

SAME.—*Rule as to Pleading on Second Appeal.*—Where the sufficiency of a pleading has been passed upon by the Supreme Court, that ruling will be followed on a second or other appeal, unless such pleading has been amended so that its character is materially changed.

PLEADING.—*Reply to Plea of Payment, Admitting that Part Was Paid.*—To plea of payment in full, a reply admitting a part payment and averring that no more was paid is sufficient.

SPECIAL JUDGE.—*Objection to, Delay in Making.*—When a judge has been called or an attorney appointed to try a cause, and no objection is made to the call or his appointment at the time, or to his sitting in the cause at the time he assumes jurisdiction, all objections to the regularity of such appointment are waived.

From the Allen Circuit Court.

*R. S. Robertson* and *R. Lowry*, for appellant.

*J. Morris*, *J. M. Barrett* and *W. G. Colerick*, for appellee.

MILLER, J.—Appellant's counsel state the points he desires this court to pass upon in these words:

"*First.* Was the action of the court correct in sustaining the plaintiff's demurrer to the amended second paragraph of the defendant's answer?

"*Second.* Did the court err in overruling the defendant's demurrer to the plaintiff's reply to the first and third paragraphs of the defendant's answer?

"*Third.* Had the Hon. A. A. Chapin, assuming to act as special judge, authority to proceed with and try the cause as such judge over the objection of the defendant, and over his motion to remand the cause to the cognizance of the regular judge of the court?"

Upon a former appeal of this case the judgment of the court was reversed in order that the cause might be tried in

accordance with the principles of law therein indicated. *Trentman* v. *Fletcher*, 100 Ind. 105.

The principles of law established on the former appeal, so far as applicable, remain the law of this case through all of its subsequent stages, and must be adhered to, whether right or wrong, not only in the trial court, but in this court, on a second, or any subsequent appeal. *Mason* v. *Burk*, 120 Ind. 404; *McCormick, etc., Co.* v. *Gray*, 114 Ind. 340; *Pittsburgh, etc., R. W. Co.* v. *Hixon*, 110 Ind. 225; *Forgerson* v. *Smith*, 104 Ind. 246; *Jones* v. *Castor*, 96 Ind. 307; *Anderson* v. *Kramer*, 93 Ind. 170; *Board, etc.,* v. *Indianapolis, etc., R. W. Co.*, 89 Ind. 101; *Gerber* v. *Friday*, 87 Ind. 366; *Board, etc.,* v. *Jameson*, 86 Ind. 154; *Braden* v. *Graves*, 85 Ind. 92; *Richmond, etc., R. R. Co.* v. *Reed*, 83 Ind. 9; *Dodge* v. *Gaylord*, 53 Ind. 365.

Where the sufficiency of a pleading has been passed upon by this court, that ruling will be adhered to on a second appeal, unless the same has been amended so as to materially change its character. *City of Logansport* v. *Humphrey*, 106 Ind. 146; *Richmond, etc., R. R. Co.* v. *Reed, supra.*

This court, on the former appeal, having held the second paragraph of the separate answer of Lillie bad on demurrer, we are to determine whether the appellant has by his amendment so changed the character of the pleading as to free it from the infirmities it then contained. *Bliss* v. *Douch*, 110 Ind. 296.

The objections to the pleading as a defence, as stated in the opinion of the court, are twofold:

1. That the agreement that Trentman should give Fletcher, who was the principal in the note sued on, "further credit for such goods as he, Fletcher, should need to carry on said business," is too vague, indefinite and uncertain to be the basis of a contract between the surety and Trentman.

2. The note, which called for the payment of a definite sum of money at a time fixed by Fletcher and Lillie, was by

the terms of this oral agreement to be paid by Fletcher from time to time "until said note was paid and satisfied." This was a variance of its terms.

By the amendments made to the answer, after its return from this court, its character was changed from a plea of payment to a plea of failure of consideration; also, referring to the payments to be made by Fletcher and credits to be made on the note, the words "from time to time" contained in the original answer are omitted from the answer as amended.

We are of the opinion that by this amendment the objection that the agreement between the appellant and Trentman was a variance from the terms of the note in suit is obviated.

If there was no variance between the terms of the contract declared upon in the answer and that evidenced by the note, it was immaterial whether the former contract was in writing or rested in parol.

So far as we have been able to discover, no effort has been made to so amend this paragraph of answer as to remove the objection pointed out in the opinion of the court on the former appeal, to the effect that the agreement was "too vague, indefinite and uncertain to be the basis of any contract," and, therefore, insufficient to support the promise relied upon.

This court having held that the agreement was without consideration, and no amendment having been made that obviated that infirmity, the court did not err in sustaining the demurrer to the second paragraph of the amended answer.

The next question presented is the action of the court in overruling the demurrer to the reply to the first and second paragraphs of answer.

The first paragraph of answer is set out in the opinion in *Trentman* v. *Fletcher, supra* (106), and it is said in that opinion: "Treating all that is said about the agreement upon

which Lillie signed the note as surplusage, the first paragraph can be held good as a plea of payment."

The third paragraph of answer avers that the defendant executed the note as the surety of his co-defendant, Fletcher, and says that before the commencement of the suit the note was fully paid and satisfied.

The reply is as follows : " The plaintiff, for replication to the first and third paragraphs of the separate answer of the defendant Lillie, says that he admits that the defendant paid on said note the sum of twelve hundred and twenty dollars and eighty cents ; that said sum was paid to the plaintiff by said Fletcher, pursuant to an entry made by the plaintiff at the time of the execution of said note in the pass-book of said Fletcher, in these words : 'Aug. 27. Note for $3,299.55, signed " C. C. Fletcher & James Lillie." All money Cr. here to be applied on this note.'

" That all the credits entered in said pass-book amounted to said sum of $1,220.80, and no more ; that all sums other than the above sum of $1,220.80 received by the plaintiff from the defendants, or either of them, after the execution of said note, were received by him on the separate indebtedness of said Fletcher to the plaintiff, and not on said note. Wherefore the plaintiff demands judgment."

Rejecting a considerable portion of the reply as surplusage, we have left an admission of the payment of $1,220.80, and an averment that no more was paid on the note. This was sufficient to meet the allegations of payment contained in the answers, and made the reply good on demurrer.

The remaining point argued by counsel for the appellant relates to the jurisdiction of the special judge called to try the case to finally dispose of the case, after the defendant had asked to have it remanded to the regular judge of the court.

The transcript informs us that on the 1st day of October, 1888, this entry was made in the order-book of the court:

" Come the parties, and the presiding judge being of coun-

sel for defendant, and disqualified to try said cause, Hon. A. A. Chapin, judge of the superior court of Allen county, is called to try said cause."

The next entry in the cause shows that the special judge appeared, assumed jurisdiction, and proceeded to make up the issues.

No objection was made to the action of the regular judge in calling a special judge to try the cause, nor to the special judge taking jurisdiction of the same, until the 26th day of April, 1889, when a jury was in the box empanelled to try the cause, upon issues which had been made before the same special judge, when a motion was made to remand the cause to the regular judge.

The record shows that the appellant had appeared before the special judge and filed pleadings, presented motions, argued questions of law, and presented bills of exceptions, and had the same signed by him.

The motion to remand the cause alleged simply a want of jurisdiction in the special judge to proceed further. In the brief of counsel this want of jurisdiction is said to have been occasioned by the failure of the regular judge to make out an appointment of the special judge in writing, and because no affidavit was filed for a change of venue from the regular judge.

It was not only the privilege, but the duty, of the regular judge to refuse to sit as judge in the hearing of a cause in which he had been of counsel for one of the parties, and to make provisions for the hearing of the cause by some competent person. It is not necessary for such judge to wait for some one to inform him of a fact of which he has as much knowledge as the affiant. *Joyce* v. *Whitney*, 57 Ind. 550.

It is probable that we might presume that the appointment of the special judge was properly and legally made (*Bartley* v. *Phillips*, 114 Ind. 189), but we do not care to put our decision on that ground.

What we do decide, is, that when a judge has been called,

or an attorney has been appointed to try a cause, as provided in section 415, R. S. 1881, and no objection is made to his appointment at the time, or to his sitting in the cause at the time he assumes jurisdiction, all objections to the regularity of such appointment shall be deemed waived.

A practice that would permit a party litigant to proceed for months before a *de facto* judge, to make issues, and obtain rulings upon legal questions involved in the controversy, and then, if not satisfied with some of his rulings, or not disposed to go into trial, when the cause is ready for trial, to be able, in a moment, to arrest proceedings, and oust the jurisdiction of the judge, can not be tolerated. The whole tendency of all the later cases in this court has been in the direction of requiring such objections to be promptly made, and to hold that, if not made promptly, they are to be deemed waived. *Greenwood* v. *State*, 116 Ind. 485; *Bowen* v. *Swander*, 121 Ind. 164; *Littleton* v. *Smith,* 119 Ind. 230; *Bartley* v. *Phillips,* 114 Ind. 189; *Schlungger* v. *State*, 113 Ind. 295; *Cargar* v. *Fee*, 119 Ind. 536; *Smurr* v. *State*, 105 Ind. 125; *Board, etc.,* v. *Courtney*, 105 Ind. 311.

Judgment affirmed.

