## JORDAN v. INDIANAPOLIS COAL COMPANY.

[No. 7,859. Filed February 21, 1913.]

1. PLEADING.—*Complaint.—Sufficiency.—Initial Attack on Appeal.* —A complaint is good as against an attack made for the first time by assignment of errors on appeal, if it contains facts sufficient to bar another action for the same cause. p. 543.

2. PLEADING.—*Complaint.—Bill of Particulars.—Objections on Appeal.*—The objection that a bill of particulars filed with a complaint is not properly referred to or identified by the complaint cannot be successfully presented for the first time on appeal. p. 544.

3. JUDGES.—*Judge Pro Tem.—Appointment.—Validity.—Judge De Facto.*—Where the regular judge appointed a judge *pro tem.* to preside over the court during his illness, and the court has jurisdiction of the subject-matter of the action and of the person of

the defendant, and the judge so appointed took the oath and assumed the duties of a judge pro tem., he was a judge de facto, if not de jure, notwithstanding the failure of the regular judge to sign the order of appointment. pp. 544, 545.

4. APPEAL.—Assignment of Errors.—Questions Presented.—Validity of Appointment of Judge Pro Tem.—An assignment of error grounded on the proposition that the trial court had no jurisdiction to render the judgment from which the appeal is taken presents no question as to the right and authority of the presiding judge of such court to act as such. p. 544.

5. JUDGES.—Judge Pro Tem.—Appointment.—Objections.—Waiver. —Appeal.—Where a judge has been called, or an attorney appointed as judge, to try a cause, and no objection is made at the time, or to his sitting in the cause when he assumes to act, all objections thereto will be deemed waived on appeal, and the same rule applies as to the appointment of a judge pro tem. p. 545.

6. PRINCIPAL AND AGENT.—Authority of Agent.—Evidence.—Verdict.—A verdict for plaintiff, in an action for the price of a car of crushed stone, is sustained by sufficient evidence, where the evidence shows that a landscape gardener employed by defendant, after a conversation with defendant on the subject, ordered the stone from plaintiff, and that the car was billed to defendant and used in the improvement of a driveway on his premises. p. 545.

From Superior Court of Marion County (80,383); Charles J. Orbison, Judge Pro Tem.

Action by the Indianapolis Coal Company against Arthur Jordan. From a judgment for plaintiff, the defendant appeals. Affirmed.

T. J. Moll and Edmund B. Walker, for appellant.

Jesse W. Potter, for appellee.

LAIRY, J.—Appellee filed its complaint in the trial court and recovered a judgment against appellant for the value of a carload of crushed stone, alleged to have been delivered by it to appellant at his special instance and request. Appellant did not challenge the sufficiency of the complaint in the trial court by demurrer or otherwise; but its sufficiency is questioned for the first time by an assignment of errors. When so presented the objections urged against this complaint are unavailable. The complaint is sufficient to bar another action for the same cause.

*Town of Knightstown* v. *Homer* (1905), 36 Ind. App. 139, 75 N. E. 13; *Lewis Tp. Improv. Co.* v. *Royer* (1906), 38 Ind. App. 151, 76 N. E. 1068.

2. The objection that the bill of particulars filed with the complaint is not properly referred to in or identified by the complaint cannot be successfully presented for the first time on appeal. *Chamness* v. *Chamness* (1876), 53 Ind. 301; *Douglass* v. *Keehn* (1880), 71 Ind. 97.

3. It appears from the record that on May 31, 1910, the regular judge of the court in which this action was pending, on account of sickness, appointed the Hon. Charles J. Orbison to preside as judge of such court until such time as the regular judge should be able to resume his duties. The order of appointment was entered on the order-book of the court, but it was not signed by the regular judge. Charles J. Orbison took the oath and assumed the duties of judge *pro tem*. As such he assumed jurisdiction of this case, and proceeded to final judgment. At no time during the course of the proceedings in the trial court did appellant make any objection to the appointment of the judge *pro tem.*, and no question was raised as to his right or authority to act as such. The question is presented for the first time on appeal by an assignment of errors.

4. The assignment of errors presenting this question is grounded on the proposition that the trial court had no jurisdiction to render the judgment from which this appeal is taken. The position of appellant on this proposition cannot be maintained. It is not contended that the Superior Court of Marion County did not have jurisdiction of the class of cases to which this one belongs; and its jurisdiction of the person of appellant is not questioned. It is therefore apparent that the court had jurisdiction of the subject-matter of the action and of the person of appellant, and had power to proceed to judgment. The defect pointed out was not affecting the juris-

diction of the court, but the right and authority of its presiding judge to act as such. The judge who pre-

3. sided at the trial of this case was acting under color of authority, and he was a judge *de facto* if not a judge *de jure.*

It has been held repeatedly by this court and the Supreme Court that when a judge has been called or an attorney appointed to try a cause, and no objection is made

5. at the time, or to his sitting in the cause when he assumes to act, all 'objections thereto will be deemed waived on appeal. *Perry* v. *Pernet* (1905), 165 Ind. 67, 74 N. E. 609, 6 Ann. Cas. 533; *Crawford* v. *Lawrence* (1900), 154 Ind. 288, 56 N. E. 673; *Lillie* v. *Trentman* (1891), 130 Ind. 16, 29 N. E. 405; *Lewis* v. *Albertson* (1899), 23 Ind. App. 147, 53 N. E. 1071. We see no reason why the rule announced and applied to special judges should not apply with equal force to a judge *pro tempore.*

The evidence in this case shows that one McDougal was employed by appellant as landscape gardener to make certain improvements on lands owned by appellant, and

6. that during the progress of the work McDougal, after a conversation with appellant on the subject, ordered from appellee the carload of crushed stone in question, and that the car was billed to appellant and the stone used for the improvement of a driveway on his premises. Appellant asserts that the verdict is not sustained by the evidence, for the reason that there is no evidence showing that McDougal in ordering the carload of stone was acting as the agent of appellant. In this we think appellant is mistaken. It is not necessary to extend this opinion by a statement of the evidence bearing on this question. It is sufficient to say that we have examined the record and find abundant evidence to sustain the verdict of the jury in this respect.

Judgment affirmed.

NOTE.—Reported in 100 N. E. 880. See, also, under (1) 31 Cyc. 82; (2) 2 Cyc. 689; (3) 23 Cyc. 618; (5) 23 Cyc. 616; (6) 31 Cyc.

1667. As to the validity of acts of *de facto* judicial officers, see 140 Am. St. 169. As to the general rules for defining the limits of an agent's authority, see 16 Am. St. 493. As to the waiver of objections to the jurisdiction of a special or substituted judge, see 19 Ann. Cas. 94.