### FOLGER ET AL. *v.* BARNARD.

[No. 10,043. Filed December 9, 1919. Rehearing denied April
29, 1920. Transfer denied June 24, 1920.]

1. JUDGES.—*Disqualification.—Showing.*—Where the disqualification of the regular judge, by reason of having been prior to his election the attorney for one of the parties, appears on the record of the cause, the necessity for having a special judge try the case is sufficiently shown. p. 524.

2. EVIDENCE.—*Judicial Notice.—Identity of Judges of Circuit Courts.*—The appellate court takes judicial notice as to who are judges of the circuit courts of the state. p. 525.

3. APPEAL.—*Right of Judge to Sit.—Objections.—Waiver.— Judges.*—Where a regular judge from another circuit assumed jurisdiction of the case, and conducted a trial and rendered judgment, and at no time during the course of proceedings in the trial court was any objection made either to his assumption of jurisdiction or trial of the case, all objections thereto will be deemed waived on appeal. p. 525.

4. APPEAL.—*Evidence.—Objection After Answer to Question.*—An objection to a question made after the question had been answered is too late. p. 526.

5. EVIDENCE. — *Soundness of Mind. — Opinions. — Deeds.* — The opinions of witnesses, specifically limited to the time they had seen and conversed with her, as to the soundness of mind of the grantor of a deed, were admissible, though they had not seen or observed the grantor for two or three years prior to the time inquired about. p. 526.

6. EVIDENCE.— *Soundness of Mind.— Opinions.— Deeds.—* Upon the question of soundness of mind of grantor at time of execution of deed, the opinions of witnesses intimately acquainted with her for a number of years, who had observed and conversed with her at various times before and after the time inquired about, were admissible. p. 526.

7. APPEAL.—*Harmless Error.—Excluding Testimony.—Admission Later.—*Where an objection to a question has been sustained, but the witness afterwards testified fully on the subject of the question without objection there is no reversible error. p. 526.

8. APPEAL.—*Conclusiveness of Finding.—Conflicting Evidence.—* The court's finding upon conflicting evidence cannot be disturbed. p. 527.

From Rush Circuit Court; *Fred C. Gause,* Special Judge.

Action by John C. Folger and others against Emerson E. Barnard. From a judgment for defendant, the plaintiffs appeal. *Affirmed.*

*John D. Megee* and *A. J. Ross,* for appellants.
*A. L. Gary* and *J. A. Titsworth,* for appellee.

MCMAHAN, J.—Complaint by appellants for partition and to quiet title. Cross-complaint by appellee to quiet title. Decree for appellee quieting his title.

Hon. Will M. Sparks, judge of the Rush Circuit Court, was prior to the time of his election the attorney for the appellants in this action. The cause was tried before Hon. Fred C. Gause, judge of the Henry Circuit Court. The record fails to show why he was called. The disqualification of the regular judge appears on the record, and is a sufficient showing of the necessity of having a special judge try the case.

We judicially know that Fred C. Gause was judge of the Henry Circuit Court. He assumed jurisdiction of this case, and afterwards there was a trial by 2-3. jury, which resulted in a verdict and judgment for appellee. At no time during the course of the proceedings in the trial court did appellants make any objection to Judge Gause assuming jurisdiction of and trying the case. The Supreme Court in *Perry* v. *Pernet* (1905), 165 Ind. 67, 74 N. E. 609, 6 Ann. Cas. 533, held that when a judge has been called to try a cause, and no objection is made at the time, or to his sitting in the cause when he assumes to act, all objections thereto will be deemed waived on appeal. See, also, *Lillie* v. *Trentman* (1891), 130 Ind. 16, 29 N. E. 405; *Jordan* v. *Indianapolis Coal Co.* (1913), 52 Ind. App. 542, 100 N. E. 880; *Larrance* v. *Lewis* (1912), 51 Ind. App. 1, 98 N. E. 892. Appellants' conduct in this matter looks too much like an attempt to gamble on the decision of the court, and, losing the wager, pull down the stakes, which we cannot permit.

Appellee's title to the real estate in controversy depended upon a deed signed and acknowledged by Phoebe Folger, October 26, 1912. Appellants contend that said deed was never delivered, and that, if it was delivered, Mrs. Folger at the time of the making and delivery was of unsound mind.

The evidence shows that the deed to appellee was signed and acknowledged by Mrs. Folger, October 26, 1912. A large number of witnesses testified on behalf of appellee as to their acquaintance with Phoebe Folger, and, after having detailed their observations and conversations with her, were asked their opinions as to whether she was of sound or unsound mind during the latter part of 1912, and the first part of 1913, basing such opinions upon the facts detailed by them as witnesses. Appellants objected to this evidence on the

ground that the question did not confine the opinions of the witnesses to the time the witnesses had had such observations and conversations with Mrs. Folger.

An examination of the record disclosed that no objections were made to such question when asked the witnesses George Hutchins, Elizabeth Hutchins,

4-6. Noah Wooten, Ella Barnard and Alonzo Bogue until after the questions had been answered. Two of the witnesses, Edwin Macey and D. E. Barnard, had not seen and observed Mrs. Folger for two or three years prior to the time inquired about, but when they answered the question they specifically limited their opinions as to the time when they had seen and conversed with her. The other eight witnesses who testified for appellee upon this subject had known Mrs. Folger for many years, were intimately acquainted with her, and had observed and conversed with her at various times covering a long period of time, including the years 1912 and 1913. No error is shown in the admission of the testimony of any of these witnesses.

Appellants also contend that the court erred in sustaining appellee's objection to a question which appellants asked Emily Rigsbee, one of appellants'

7. witnesses, relative to the soundness or unsoundness of Phoebe Folger's mind at the time the witness had held conversations with and at the time witness had observed her. The record discloses that, although an objection to this question was sustained, the witness afterwards testified upon this same subject, and without objection stated that at that time Mrs. Folger was a person of sound mind. There was therefore, no error in the action of the court in sustaining the objection to the first question.

Appellants also insist that the finding is not sustained by sufficient evidence. The contention of appellants is that there is no evidence to prove the delivery of the

deed in question. One or two witnesses testified that Mrs. Folger had said to them that she had deeded the property in question to appellee. There was other evidence from which the court might have inferred a delivery of the deed. The evidence was conflicting upon the question of delivery, but this was a question of fact for the court. The court found against appellants on this question, and, there being some evidence to support that finding, we cannot disturb it.

No reversible error being shown, judgment is affirmed.