## EVANS v. RUTHERFORD.

[No. 10,758. Filed May 18, 1921. Rehearing denied October 6, 1921.]

1. TRIAL.—*Special Finding.—Decision.*—Where a cause is tried by the court, and a special finding of facts have been made pursuant to a request by either party, such finding is a decision of the court. p. 368.

2. APPEAL.—*Questions Reviewable.—Sufficiency of Evidence to Sustain Decision.—Failure to Challenge Facts Found.*—Where a cause is tried by the court and a special finding of facts is made, the contention that the decision of the court is not sustained by sufficient evidence will not be considered on appeal where the correctness of the facts found have not been challenged by appellant. p. 368.

3. APPEAL.—*Questions Reviewable.—Decision Contrary to Law.* —Appellant's objection that the decision is contrary to law because the conclusions of law on the facts found should have been differently stated, assigned as a ground for new trial, does not perform the office of exceptions to the conclusions of law, so that appellant has failed to show that such ground for a new trial exists. p. 368.

4. TRIAL.—*Motion to Restate Conclusion of Law.*—A motion to restate conclusions of law is not recognized by the Code of Procedure. p. 369.

5. LIMITATION OF ACTIONS.—*Payments within Limitation Period. —Failure to Affirmatively Plead Payments.*—In an action to recover a judgment for the purchase price of real estate and to foreclose a vendor's lien therefor, the fact that defendant

made payments within the limitation period does not avoid the defense set up in an answer pleading the six-year statute of limitations, in the absence of an affirmative paragraph of reply pleading the fact of such payments.  p. 369.

6.  APPEAL.—*Waiver of Error.—Objections to Appointment of Special Judge.—Presumption.*—Where statutory authority exists for the appointment of special judges and a cause is tried before one assuming to act as such, it will not be presumed on appeal that he usurped such office, and if the record is wholly silent as to his appointment, a presumption will arise that it was duly made but if facts appear to rebut such presumption it will be presumed nevertheless, the contrary not appearing, that such an appointment was made as to give him color of right in assuming jurisdiction of the cause, so that in such event he becomes *de facto* judge, and, if his authority is not questioned until after a trial is had and judgment rendered, all objections, based on the absence of an appointment in conformity with the statute and due qualification, which might have been properly made, if timely presented, will be deemed waived.  p. 370.

From Wells Circuit Court; *Wilson D. Lett,* Special Judge.

Action by Ambrose Evans against Ira K. Rutherford. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*George Mock,* for appellant.

*Abram Simmons* and *Charles G. Dailey,* for appellee.

BATMAN, J.—This is an action by appellant against appellee, begun in the Wells Circuit Court on April 16, 1918, to recover a judgment for the purchase price of certain real estate, and to foreclose a vendor's lien therefor.  The complaint on which the cause was tried consists of a single paragraph, to which an answer in three paragraphs was filed, the first being a general denial, the second a plea of payment, and the third setting up the six-year statute of limitation.  A reply in general denial was filed to said affirmative paragraphs of answer.  The issues were made before the regular judge of said court, but the trial was had before one

Wilson D. Lett, acting as special judge.  On the trial, the court, at request of appellee, made a special finding of facts, and stated its conclusions of law thereon, which finding is in substance as follows:  On September 28, 1909, appellant conveyed and warranted to appellee a certain tract of land, (describing it) for which the latter agreed orally to pay the former $100.  On March 11, 1911, appellee sold and delivered to appellant a certain colt for the sum of $7, which amount it was agreed should be credited on the purchase price of said land.  Prior to May 22, 1912, appellant authorized one Margaret Evans to receive payments on said purchase price in his behalf, and she did so receive from appellee the following amounts thereon: on May 22, 1912, $3.50 and on June 4, 1912, $1.50, making a total of $12 received by appellant from appellee on the purchase price of said land, and leaving a balance due thereon of $144.  On these facts the court stated as its conclusions of law, that appellant's claim is barred by the statute of limitation, that he take nothing by his action, and that appellee recover his costs.  Appellant thereafter filed his successive motions for a restatement of the conclusions of law, for a new trial, and for judgment in his favor on the conclusions of law as stated, each of which motions was overruled, and judgment was rendered in favor of appellee.  From this judgment appellant appealed, and has assigned errors which require a consideration of the questions hereinafter determined.

Appellant contends that the court erred in overruling his motion for a new trial.  The only reasons properly assigned therefor are, that the decision of the 1-3.  court is not sustained by sufficient evidence, and is contrary to law, *Rooker* v. *Ludowici, etc., Co.* (1913), 53 Ind. App. 275, 100 N. E. 469.  It is well settled that where a cause is tried by the court, and a special finding of facts has been made, pursuant to a

request by either party, such finding is the decision of the court. *Weaver* v. *Apple* (1897), 147 Ind. 304, 46 N. E. 642. Appellant in presenting the first of said reasons has not challenged the correctness of a single fact found, and hence such reason need not be considered further. In support of said second reason, appellant asserts, in effect, that the conclusions of law on the facts found should have been differently stated, but since the assignment of such a reason for a new trial does not perform the office of exceptions to the conclusions of law, appellant has failed to show that such ground for a new trial exists. *Weaver* v. *Apple, supra.* There was no error in overruling appellant's motion for a new trial.

Contention is also made that the court erred in stating each of its conclusions of law on the facts found, and in overruling his motions for restatement of the conclusions of law, and for judgment in his favor on the conclusions of law as stated. A motion to restate conclusions of law is not recognized by our Code of Procedure, *Maynard* v. *Waidlich* (1901), 156 Ind. 562, 60 N. E. 348. The judgment rendered is in conformity with the conclusions of law stated. It follows that the court did not err in overruling either of said motions. The only questions presented under appellant's contention, that the court erred in stating each of its conclusions of law on the facts found, may be stated thus: Does the fact that appellee made payments to appellant on the purchase price of the land in question in the months of May, and June, 1912, as found by the court, avoid the defense set up in appellee's third paragraph of answer, based on the six-year statute of limitation, in the absence of an affirmative paragraph of reply, pleading the fact of such payments? Based on the following author-

ities we hold that this question must be answered in the negative. *Kimberling* v. *Hall* (1858), 10 Ind. 407; *Conkey* v. *Barbour* (1864), 22 Ind. 196; *Fetrow* v. *Wiseman* (1872), 40 Ind. 148; *Strong* v. *State* (1877), 57 Ind. 428; *State, ex rel.* v. *Parsons* (1897), 147 Ind. 579, 47 N. E. 17, 62 Am. St. 430; 25 Cyc 1415; 13 Ency. Pl. and Pr. 238; *Newdegate* v. *Early's Admr.* (1899), (Ky.) 49 S. W. 338; *Coleson* v. *Blanton* (1816), 7 Tenn. 152; *Childress* v. *Grim* (1882), 57 Tex. 56; *Moore* v. *Capps* (1847), 9 Ill. 315; *Powers* v. *Schubert* (1920), (Tex. Civ. App.) 220 S. W. 120; *Goff* v. *Goff* (1918), 182 Ky. 323, 206 S. W. 466; *Capen* v. *Woodrow* (1878), 51 Vt. 106; *Willits* v. *Chicago, etc., R. Co.* (1890), 80 Iowa 531, 45 N. W. 916; *McCarthy Bros. Co.* v. *Hanskutt* (1912), 29 S. D. 535, Ann. Cas. 1914D note on page 892. Since an affirmative answer to said question would be necessary in order to sustain appellant's contention relating to the error of the court in stating its conclusions of law, we hold that such contention is not well taken.

The record discloses that on November 17, 1919, more than sixty days after appellant's motion for a new trial had been overruled, and the judgment from which this appeal is taken had been rendered, appellant filed a motion, addressed to the regular judge of the Wells Circuit Court, asking that this cause be set for trial. This motion was based on the facts, as alleged therein, that there is no record showing that the regular judge of said court was disqualified to try said cause, or that Wilson D. Lett was appointed or qualified as a special judge to try the same. On December 12, 1919, appellee filed a motion by which he sought to have appellant's said motion stricken from the files. Following the filing of such motion this entry appears: "The court being related to the plaintiff herein, is disqualified to hear said cause, and the same,

by agreement of the parties, is assigned to Wilson D. Lett to act as special judge herein. Comes now Wilson D. Lett, and assumes jurisdiction of this cause, and also files his written appointment in the words and figures as follows": (Here follows appointment and oath.) Appellant thereupon moved the court to strike out appellee's said motion. The rulings on said several motions were adverse to appellant, and such rulings are assigned as errors on appeal.

Questions with reference to the authority of persons, assuming to act as special judges, have been before the Supreme Court of this state frequently, but varying more or less as to the facts involved. From a consideration of these decisions, we conclude that it has been fully determined that where statutory authority exists for the appointment of special judges, and a cause is tried before one assuming to act as such, it will not be presumed on appeal that he usurped such office; that if the record is wholly silent as to his appointment, a presumption will arise that it was duly made, but if facts appear which rebut such presumption, it will be presumed nevertheless, the contrary not appearing, that such an appointment was made as to give him color of right in assuming jurisdiction of the cause; that in such an event he becomes a *de facto* judge, and, if his authority is not questioned until after a trial is had and a judgment is rendered, all objections, based on the absence of an appointment in conformity with the statute and due qualification, which might have been properly, and possibly successfully made, if timely presented, will be deemed waived. *Feaster* v. *Woodfill* (1864), 23 Ind. 493; *Kennedy* v. *State* (1876), 53 Ind. 542; *Zonker* v. *Cowan* (1882), 84 Ind. 395; *State, ex rel.* v. *Murdock* (1882), 86 Ind. 124; *Kenney* v. *Phillipy* (1883), 91 Ind. 511; *Smurr* v. *State* (1886), 105 Ind. 125, 4 N. E. 445; *Schlungger* v. *State* (1888), 113 Ind.

295, 15 N. E. 269; *Bartley* v. *Phillips* (1888), 114 Ind. 189, 16 N. E. 508; *Lillie* v. *Trentman* (1891), 130 Ind. 16, 29 N. E. 405; *Skelton* v. *State* (1898), 149 Ind. 641, 49 N. E. 901; *Whitesell* v. *Strickler* (1906), 167 Ind. 602, 78 N. E. 845, 119 Am. St. 524; *Spurlock* v. *State* (1916), 185 Ind. 638, 114 N. E. 209; *Love* v. *Jones* (1920), 189 Ind. 390, 127 N. E. 549. See also the following decisions of this court: *Lewis* v. *Albertson* (1899), 23 Ind. App. 147, 53 N. E. 1071; *Larrance* v. *Lewis* (1912), 51 Ind. App. 1, 98 N. E. 892; *Jordan* v. *Indianapolis Coal Co.* (1913), 52 Ind. App. 542, 100 N. E. 880; *Pottlitzer* v. *Citizens Trust Co.* (1915), 60 Ind. App. 45, 108 N. E. 36; *Folger* v. *Barnard* (1919), 73 Ind. App. 523, 125 N. E. 460. In the instant case authority for the appointment of a special judge in certain contingencies is conferred by §427 Burns 1914, Acts 1905 p. 164. The record is wholly silent as to any appointment of said Wilson D. Lett as special judge, prior to the rendition of the judgment from which this appeal is taken, and the filing of the bill of exceptions containing the evidence, which appears in the record. That portion of the record, showing his appointment and qualification more than sixty days after the rendition of said judgment, and more than fifty days after the filing of said bill of exceptions, at most, could only serve to rebut the presumption, which would otherwise exist, that the statutory requirements in that regard had theretofore been observed. This, however, would leave in effect the presumption that the said Wilson D. Lett, nevertheless, had such an appointment as to afford him color of right to assume jurisdiction in this cause, as nothing appears to the contrary. The record discloses that the issues were made before the regular judge of said court, and that the said Wilson D. Lett thereafter assumed jurisdiction thereof as special judge and tried the same; that appellant appeared by his at-

torneys and participated in the introduction of evidence, and after the special finding of facts was made, and the conclusions of law were stated thereon, appellant excepted to the conclusions of law, filed motions to have the same restated, and to have judgment rendered thereon in his favor, and also for a new trial, reserving exceptions to each adverse ruling on such motions, caused the said Wilson D. Lett to approve a bill of exceptions containing the evidence, all without making any objection, either to the appointment or qualification of said Lett as such special judge, or to his right to sit as such, and to hear and determine the issues involved. In the light of the cases cited, it is clearly our duty to hold, on the state of facts before us, that the court did not commit reversible error in its rulings on any of the motions under consideration. We find no reversible error in the record. Judgment affirmed.