## JULIEN ET AL. v. LANE.

[No. 12,805.    Filed June 14, 1927.]

NEW TRIAL.—*Motion for new trial improper when judgment rendered on default.*—Where the judgment was rendered on default, there has been, in fact, no trial, and a motion for a new trial is inappropriate and presents no question on appeal.

From Jasper Circuit Court; *Moses Leopold*, Special Judge.

Action by Charles Lane against R. C. Julien and others. From a judgment on default for plaintiffs, the defendants appeal. *Affirmed.* By the court in banc.

*Arthur L. Gilliom*, Attorney-General, *Halleck & Halleck* and *Lesh & Lowther*, for appellants.

*Hanley & Hanley* and *George E. Hershman*, for appellee.

REMY, J.—In an action by appellee against appellants, judgment for appellee was rendered on default. No answer to the complaint was filed, and the evidence, if any was introduced, is not in the record. Appellants did not seek relief from the judgment on the ground of "mistake, inadvertence, surprise or excusable neglect," under §135 of the Code of Civil Procedure (§423 Burns 1926) which provides that application for such relief must be "on complaint filed and notice issued," but instead filed with the court their motion for a new trial.

It has been repeatedly held by the courts of review of this state that where a judgment has been rendered on default, as in this case, there has been no trial within the meaning of that term, and that relief cannot be had

through the instrumentality of a motion for a new trial. *Ervin School Twp.* v. *Tapp* (1890), 121 Ind. 463, 23 N. E. 110; *Schneidt* v. *Schneidt* (1919), 69 Ind. App. 666, 122 N. E. 588.

It follows that no question is presented.

Affirmed.