## JULIEN ET AL. v. LANE.

[No. 12,806. Filed June 14, 1927. Rehearing denied October 4, 1927. Transfer denied October 27, 1932.]

*Arthur L. Gilliom,* Attorney-General, *Halleck & Halleck* and *Lesh & Lowther,* for appellants.

*Hanley & Hanley* and *George E. Hershman,* for appellee.

ENLOE, J.—On December 19, 1924, the appellee herein commenced an action in the Lake Circuit Court against R. C. Julien, State Veterinarian, and also against said defendant as an individual, and against F. Gustave Roth, as Deputy State Veterinarian and also as an individual, wherein he sought to recover damages alleged to have been by him sustained by reason of the alleged

wrongful conduct of said defendants in placing a quarantine upon his herd of milk cows. Upon the filing of said complaint a summons was duly issued and served upon said defendants, and they at once made arrangements with one Joseph E. Brown, an attorney residing at Crown Point, in said county, to appear for and to defend them in said action. Thereafter, upon affidavit and motion, the cause was, at the instance of appellants, sent to Jasper County upon change of venue for trial, the papers on such change of venue being filed in the Jasper Circuit Court on July 25, 1925. At the September term, 1925, of the Jasper Circuit Court—which term commenced on the second Monday of September— on the second day of said term, on the call of the docket said cause was set for trial for October 9, 1925. On October 8, 1925, the regular judge being absent trying causes in another county, the clerk of said court at the direction of said judge, made out an appointment of one Moses Leopold, a competent and disinterested attorney, as special judge to try said cause, the said clerk, pursuant to directions given by the regular judge, signing the name of the regular judge to such appointment. Thereafter, on the same day, the said Leopold appeared at the office of said clerk and took and subscribed to an oath as such special judge, under said appointment. On October 9, 1925, the day designated for the trial of said cause, as before mentioned, the appellee and his witnesses appeared in court ready for trial, and neither of the appellants appearing, either in person or by attorney, they were each severally called and defaulted for want of an answer, a rule in that behalf having been duly entered. The cause was then heard and a judgment rendered against the appellants, as individuals, in the sum of $2,270.40.

On November 7, 1925, the appellants herein filed their motion for a new trial of said cause, specifying as

grounds therefor that: (a) the decision was not supported by sufficient evidence; (b) that it was contrary to law; and (c) surprise and excusable neglect—stating said matters in detail. Thereafter, on November 28, 1925, the appellants filed a fourth and fifth specifications or reasons for such new trial, the said fourth reason being that said court had no jurisdiction to hear and determine the said matter in controversy and no jurisdiction to enter said default or to render said judgment, and the fifth alleging that said default was irregularly entered because the same was entered because of the failure of appellants to discharge a "rule to answer," and that no such rule had ever been served upon the appellants or either of them.

February 26, 1926, the said motion for a new trial came on for hearing, and the appellee, by his counsel, having entered his objection to the hearing of said motion by the regular judge, he not having heard said cause originally, said judge declined to hear said motion, and the same was then heard, over the objection of appellants, by said special judge, who overruled the same. From this action of the court an appeal has been prosecuted to this court. (*Julien et al.* v. *Lane, ante* 139, 157 N. E. 114, this day affirmed.)

Thereafter, on April 17, 1926, the appellants filed their *complaint* for a new trial of said cause under the provisions of §423 Burns 1926. May 7, 1926, the appellee appeared and filed answer to this complaint in two paragraphs, the first of which was a general denial. The second paragraph set forth the history of the case in the Jasper Circuit Court, the setting of the cause for trial, of which fact it alleged that the appellants had knowledge prior to October 9, 1925; that appellee appeared with his witnesses in court on that day ready for trial, but the appellants came not and were defaulted for noncompliance with a rule to

answer. This paragraph of answer also set forth the subsequent proceedings in the cause, by the appellants, in endeavoring to obtain a new trial. A demurrer to this paragraph of answer was overruled and appellants filed a reply in denial.

June 12, 1926, the cause was heard by the regular judge, who, after hearing the evidence, found for the appellee and rendered judgment accordingly. Their motion for a new trial having been overruled, they now prosecute this appeal and assign as error the action of the court in overruling said demurrer and in overruling said motion for a new trial.

There was no error in overruling said demurrer to said paragraph of answer. While said answer contains much that is surplusage, it was good as against a demurrer, and, as the main contention of the parties arises under the motion for a new trial, we shall not further consider said ruling.

Was the decision of the court sustained by sufficient evidence? Keeping in mind that the burden was upon the appellants to produce evidence to establish the material averments of their complaint, we shall first examine the evidence as the same relates to the alleged "inadvertence."

It was alleged in the complaint that, "through inadvertence the said attorney who appeared for these plaintiffs, while said cause was pending in the Lake Circuit Court, *when he filed the affidavit for a change of venue as aforesaid, did not formally note or enter the appearance of said Attorney General for these plaintiffs in said cause,* in consequence of which the appearance of the Attorney General was not noted on the docket and records of the Jasper Circuit Court when said cause reached said court by virtue of the change of venue proceedings." (Our italics.) The affidavit and motion for change of venue, as the record discloses, was filed in

the Lake Circuit Court March 26, 1925, was sustained, and the cause ordered sent to the Jasper Circuit Court for trial. The only person who appeared as the attorney for appellants in the Lake Circuit Court was Attorney Brown, before mentioned. Upon the hearing of this cause the appellant, Julien, testified, as his testimony is set forth in appellants' brief herein, that he first talked to the Attorney General, Mr. Gilliom, about this case and his defense in May or June, 1925; that he next talked to him on October 10, 1925, the day after said judgment had been rendered, and that he had not talked with him between these dates. While there is some testimony indicating that the said affidavit and motion for change of venue were prepared in the *office* of the Attorney General, yet there is no evidence as to who personally prepared it. The name of the Attorney General did not appear thereon, and there is no evidence that any information was given to attorney Brown that the Attorney General was appearing or would appear as an attorney in the case. The testimony of appellant, Julien, shows that at the time said affidavit and motion was filed no arrangement had been made for the Attorney General to appear in the case. We therefore conclude the allegation as to the alleged "inadvertence" was not sustained.

As to the alleged excusable neglect, the record discloses that said cause had been regularly set for· trial and had been on the trial calendar for almost one month prior to the day fixed for trial; that the appellant, Roth, lived in Crown Point as did also said attorney, Brown. Roth, in testifying herein, said: "I saw Brown on the eve of October 8, 1925, and he said, 'I think your trial is coming up tomorrow, but I am not sure'; it was too late for me to get in touch with the State office and I just thought there was nothing to do; Brown had been representing us in Lake County and in getting the trans-

fer over here." There is also testimony in the record that Brown had entered his appearance as the attorney for both of the appellants; that after said cause was venued to Jasper County and had been set for trial, Brown, several days before the day for trial, requested the attorney for the appellee to consent to a continuance of the cause, and was informed that a continuance could not be consented to by him; that the witnesses for the appellee had been notified to be in court on the day set, and that he, Brown, had better prepare to be there on the day set for trial. The appellant Roth, although he had knowledge that said cause was set for trial, and although he testifies that he could not get in communication with appellant, Julien, on the eve of October 8, 1925, or with the Attorney General, does not attempt to give any reason for his not going to Rensselaer and appearing in court when his case was called on October 9, or procuring other counsel to so appear for him.

There is also evidence in the record that the appellant Julien called at the office of the clerk of the Jasper Circuit Court some several days prior to October 9, 1925, and asked about the setting of said cause; that he was informed that the case was set for trial October 9, 1925. This, the appellant Julien admits, but he testified that the person who so informed him also told him that the term of court would close the next week and that there would be nothing done; at least that was the impression he got from what was said. He makes no claim that he in any way communicated the information which he received as to said cause being set for trial, either to the Attorney General, Mr. Brown, or to any one else, until after said default had been entered and said judgment rendered.

It will be noted that the original action was one in tort wherein the liability, if any, was joint and several. It

will also be noted that the complaint herein for a new trial was the *joint* complaint of both appellants; that the motion for a new trial filed in this cause was a *joint* motion, and it necessarily follows, under the well settled rule, that if the evidence did not warrant the sustaining of said application and the granting of a new trial as to both of said applicants, there was no error in overruling the motion for a new trial, and the judgment herein should be affirmed. *Upland Land Co.* v. *Ginn* (1896), 144 Ind. 434, 43 N. E. 443; *Chicago, etc., Ry. Co.* v. *Cason* (1898), 151 Ind. 329, 50 N. E. 569. Upon the record before us we hold that as to appellant Roth, at least, the evidence fully justified and sustained the decision of the trial court, and that the court did not err in overruling the motion for a new trial.

The appellants next complain of said judgment having been entered as by default upon their failure to "discharge a rule to answer," and they say that no such rule was ever served upon them or either of them, or upon their attorney.

It appears from the record in this cause that upon the hearing hereof, Rule II of the Jasper Circuit Court, pertaining to the making of issues in civil causes, was read in evidence, said rule being as follows: "Without entering any rule therefor on the docket, all answers will be due on the first Wednesday of the term, or, if the cause is commenced during the term, on the day succeeding the return day, or voluntary appearance. All replies will be due on the day succeeding the filing of the answer." We find no merit in the above contention of the appellants. As before stated, this cause reached the Jasper Circuit Court in July and was placed upon the docket of that court. At the next (September) term, it was regularly set for trial, and, when the day for trial arrived, although under the rules

of the court the answer was long past due, no answer had been filed; the rule of court had been completely ignored, and of this rule the parties were bound to take notice, and, in fact, there is no claim by appellants that said rule was not known to them. Under these circumstances the appellants were in default and the court was fully justified in entering the rule against them to "answer instanter."

The appellants next complain and say "that said alleged judgment by default was and is null and void for the reason that the same was not made or entered by the regular judge of said court nor was the regular judge of said court in any way disqualified to hear and determine the question arising in said cause." As before stated, on their first appearance in court after said judgment had been rendered, these appellants filed their *motion* for a new trial on the grounds that the said decision was not supported by sufficient evidence, and that it was contrary to law. The filing of this motion, based upon said reasons, was a recognition of authority of the said special judge and of his right to pass upon the matters thus presented, and they cannot thereafter change their position in that matter and challenge his authority to act as such judge. It was the duty of the appellants, if they desired to challenge the authority of said Leopold, as judge in this case, to make such challenge at the earliest opportunity, and, where such is the duty, and the challenge is not so made, it is deemed waived. *Carr* v. *Duhme* (1906), 167 Ind. 76, 78 N. E. 322; *Board* v. *Justice* (1892), 133 Ind. 89, 30 N. E. 1085; *Evans* v. *Rutherford* (1921), 76 Ind. App. 366, 131 N. E. 55; *Folger* v. *Barnard* (1920), 73 Ind. App. 523, 125 N. E. 460; *State, ex rel.,* v. *Lane* (1916), 184 Ind. 523, 111 N. E. 616.

No error has been presented and the judgment is therefore affirmed.