**Jack L. MORLAN, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 1083S364.

Supreme Court of Indiana.

April 30, 1986.

Susan K. Carpenter, Public Defender, Angela D. Chapman, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal from the denial of a petition for post-conviction relief. At the initial trial, appellant was convicted of attempted murder, a class A felony, I.C. §§ 35-41-5-1 and 35-42-1-1, and he received a sentence of thirty years. A jury tried the case. This court affirmed his conviction on direct appeal in *Morlan v. State* (1981), Ind., 429 N.E.2d 240.

He raises four issues: (1) whether trial court denied him a fair trial in submitting final instructions #1 and #7 to the jury; (2) whether the Master Commissioner's denial of his motion for change of venue was an unconstitutional exercise of authority; (3) whether he was denied effective assistance of counsel; (4) whether he was denied a fair trial when a juror failed to reveal during voir dire that he was a Starke County Commissioner.

In post conviction proceedings Defendant bears the burden of proving his contentions by a preponderance of the evidence. *Lamb v. State* (1975), 263 Ind. 137, 143, 325 N.E.2d 180, 183. The trial judge, as trier of the facts, is the sole judge of the weight of the evidence and the credibility of the witnesses. *Rufer v. State* (1980), Ind., 413 N.E.2d 880, 882. Defendant stands in the position of one appealing from a negative judgment. In such cases, it is only where the evidence is without conflict and leads to but one conclusion, and the trial court has reached an opposite conclusion, that the decision will be disturbed as being contrary to law. *Walker v. State* (1978), 267 Ind. 649, 651, 372 N.E.2d 739, 740. *Popplewell v. State* (1981), Ind., 428 N.E.2d 15.

I

Appellant contends that his initial trial was rendered unfair when final instructions #1 and #7 were submitted to the jury. Instruction #1 informed the jury

that the state of mind required for attempted murder is the one required for murder, and Instruction #7 made reference to a knowing or intentional attempt to kill. Appellant argues that a knowing attempt to kill would not meet the culpability requirement for the crime of attempted murder, i.e., "a specific intent to commit murder." Cf. *Zickefoose v. State* (1979), 270 Ind. 618, 388 N.E.2d 507. *Smith v. State* (1984), Ind., 459 N.E.2d 355. The reference in those cases to the specific intent to kill as the culpability element of the crime of attempted murder was clarified and held to include a knowing attempt to kill, in *Santana v. State* (1986), Ind., 486 N.E.2d 1010. Therefore, the issue has been resolved in a manner contrary to the contention now made.

The above observations have not been made to resolve appellant's claim on its merits, for this claim was not raised by an objection to the instructions at trial. Nor was this contention made on direct appeal or in the petition for post-conviction relief. This issue has been raised for the first time in this appeal from the denial of post-conviction relief; consequently, this issue is not properly preserved for appeal, and appellate review at this point is foreclosed. See *McCraney v. State* (1981), Ind., 425 N.E.2d 151; *Cummings v. State* (1982), Ind., 434 N.E.2d 90, *Adcock v. State* (1982), Ind., 436 N.E.2d 799.

II

Appellant argues that the Master Commissioner's denial of his motion for change of venue was an unconstitutional exercise of authority. On July 18, 1979, appellant filed a motion for change of venue from Starke County. On July 27, 1979, David P. Matsey, Commissioner of Starke Circuit Court, denied the motion. The Commissioner also heard and granted appellant's motion for a change of venue from the judge. Appellant did not question the Commissioner's authority to rule on either motion.

Appellant relies on *State ex. rel. Smith v. Starke Circuit Court* (1981), 275 Ind.

483, 417 N.E.2d 1115. There, this Court held that I.C. § 33–4–74.3 *et seq.*, which granted the Starke Circuit Court judge authority to appoint a commissioner with the power to exercise full jurisdiction over any probate, civil or criminal matter, was unconstitutional. However, in light of the following language of *State ex. rel. Smith v. Starke Circuit Court, supra,* at 1123, 1124, this contention must be rejected.

We realize our holding here will raise questions concerning judgments already entered by the master commissioners in these counties. In *Gordy v. State,* (1974), 262 Ind. 275, 283, 315 N.E.2d 362, 367, this Court disposed of a similar question with the following language:

"The Commissioner did not merely usurp this authority and set up a mock court. He heard the case in the Lake Criminal Court, which clearly had jurisdiction over the subject matter as well as over the person of defendant. The Commissioner was acting as judge, a duty he clearly may assume under the statute if his appointment is procedurally correct. Both parties submitted to his authority as a judge and neither questioned this authority until this appeal was initiated. Thus, he was operating under color of authority, and served as a judge de facto if not as judge de jure. His authority as a judge de facto may not be raised on appeal for the first time. *Evans v. Rutherford* (1921), 76 Ind.App. 366, 371, 131 N.E. 55; *Perry v. Pernet* (1905), 165 Ind. 67, 70, 74 N.E. 609; *Lillie v. Trentman* (1891), 130 Ind. 16, 20–21, 29 N.E. 405; *Crawford v. Lawrence* (1900), 154 Ind. 288, 290, 56 N.E. 673; *Pattison v. Hogston* (1927), 90 Ind.App. 59, 68, 157 N.E. 450, 158 N.E. 516; *Wallace v. Village of Manchester* (6th Cir.1970) 434 F.2d 241, 242; *Norton v. County of Shelby* (1886), 118 U.S. 425, 441–42, 6 S.Ct. 1121, 1125, 30 L.Ed. 178.

■ Appellant did not raise the issue of the Commissioner's authority at the trial court or on direct appeal; however, he argues that an exception should be made to the holding in *State ex. rel. Smith v. Starke Circuit Court,* supra, in light of the heightened constitutional regard for liberty interests in criminal matters. We did not make this exception in *Gordy v. State,* supra, and no principled distinction is offered here to persuade us to make an exception. Moreover, the trial court in which the trial took place clearly had jurisdiction over the subject matter and his person.

### III

Appellant argues that his counsel was ineffective. He raises two contentions in support of this claim: that counsel failed to impeach favorable State's witnesses and that counsel failed to timely move for mistrial.

These guidelines are to be followed when reviewing ineffective assistance claims.

"The proper standard for attorney performance is that of reasonably effective assistance. * * * Judicial scrutiny of counsel's performance must be highly deferential. * * * * * * the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy. * * * A * * * claim * * * has two components. First the defendant must show that counsel's performance was deficient. * * * Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 2064, 2065, 80 L.Ed.2d 674.

■ The first contention is not persuasive. Defense counsel could have impeached the credibility of certain witnesses by exposing a long-standing conflict between appellant and the complaining witness and his family; however, such testimony also would have established a possible motive for the shooting. Consequently, counsel's strategy to not aggressively impeach these witnesses was not deficient.

■ The second contention is based upon the failure of defense counsel to immediately move for mistrial upon discovering

that the jury foreman was a county commissioner. On March 10, 1980, while the jury was out deliberating, Doris Tolsin told appellant that the jury foreman, Mr. Borelli, was a County Commissioner. Appellant told his counsel, and his counsel said, "Don't worry about it." Later that day, the jury returned the verdict of guilty. Sixteen days later on March 26, 1980, his counsel filed a motion for mistrial which was subsequently denied. His counsel's failure to timely move for mistrial had the effect of waiving the issue on direct appeal.

Even though defense counsel's action may have been deficient, there is insufficient demonstration of resultant prejudice to warrant post-conviction relief. There is no bias or impartiality on the part of Borelli to be implied. His failure to disclose his position as commissioner when asked where he was employed is not ominous. He worked as a pipefitter for NIPSCO. His failure to disclose a suit against the county brought by defense counsel when asked whether he had had any dealings with the lawyers is likewise not ominous. Such matters are routinely handled by counsel without a great deal of absorption of the personalities involved by office holders. Consequently, this second contention must also fail. Because of the disposition of this issue, it is wholly unnecessary to consider appellant's next attack which is a direct one challenging the fairness of the trial based upon Borelli's participation as a member of the jury.

Denial of post-conviction relief is affirmed.

GIVAN, C.J., and PIVARNIK, SHEPARD and DICKSON, JJ., concur.