Norris, Trustee, *v.* Tice.

Filed June 12, 1895.

No. 1,230.

## NORRIS, TRUSTEE, *v.* TICE.

DRAINAGE.—*Cleaning Out and Repairing.*—*Lien.*—*Defense.*—*Land-Owner Cleaning Out After Time Given in Notice.*—If a person, in good faith, clean out and repair his allotment of a public ditch, to the satisfaction of the trustee, after the time fixed in the notice, but before the trustee has work done upon it, that would be a complete defense to an action against such person, for the cost of cleaning out and repairing.

SAME.—*Insufficient Answer that Defendant Had Done the Work Required.*—An answer by the land-owner, that he "proceeded to clean out said allotment to the depth it was originally dug" and "that after he had so cleaned out said allotment, the same was accepted by said trustee as completed," is not sufficient to show a compliance with the statutory requirements, nor that the trustee received the work as completed before he had the work done for which he prosecutes his action.

PRACTICE.—*Overruling Demurrer to Bad Paragraph of Answer.*—*Harmful Error.*—It is harmful error to overrule a demurrer to a bad paragraph of answer, even if the same facts could be proved under another paragraph which is good.

From the La Grange Circuit Court.

*J. W. Hanan*, *R. W. McBride* and *C. S. Denny*, for appellant.

*J. M. Vanfleet*, for appellee.

REINHARD, J.—This action was brought by the appellant as trustee of Clay township, LaGrange county, against the appellee for the enforcement of a lien growing out of the repairing of an allotment of a certain public drain in said township and assessed upon certain real estate of the appellee.

The statute under which the lien is claimed provides that all public drains constructed under any law of this State shall be under the control and supervision of the township trustee, whose duty it shall be to see that they are kept clean after allotments thereof shall have been made by the county surveyor as provided in the subsequent section. It is made the duty of the latter official, immediately after the passage of the act, to view and examine every such drain in his county and to fix the portion thereof that the owner of each tract of land assessed for its construction shall annually be required to clean out and repair. Each ditch or drain is to be cleaned out to a depth and width not less than its original specification. The township trustee shall procure a transcript of the surveyor's record of allotments of ditches in his township, as soon as practicable after the same is made, and before the first day of August of each year, fix a time within which each allotment shall be completed by the person whose duty it is to perform the same, beginning with the allotment nearest the mouth of the ditch and proceeding in regular succession to the beginning thereof, and of this give notice to such person. It is made the duty of the person to whom the allotment is made to perform such work within the time fixed in the notice, and on failure to do so the trustee

shall proceed at once to have the same done at the expense of such person and certify the costs thereof, including his own *per diem*, to the auditor of the county, who shall place the same on the tax duplicate to be collected as other taxes are collected; or the trustee may bring suit in the circuit or superior court of the county to collect such expense and proper fees, and enforce and foreclose the lien on the land it drains, and in such suits the trustee shall recover attorney's fees, etc., R. S. 1894, section 5638, *et seq.*

The appellee answered in two paragraphs, the first of which was the general denial. The second paragraph is in substance, as follows: That prior to September 25, 1891, the defendant saw said Norris, trustee as aforesaid, and said to him that he wished he would extend the time of cleaning out his allotment of the said ditch, because it was extremely dry, and that it was impossible to dig in the bottom of said ditch, because said ground was so hard; that said trustee said to defendant that he need not do so until it rained; that he himself could not clean his own allotment until it rained, which did not occur until about the 10th day of October; that when the rain came, he immediately proceeded to clean out said allotment to the depth that it was originally dug; that he believed he was justified by the direction of said Norris to defer said work until after rains came; that after he had so cleaned out said allotment, the same was accepted by said trustee as completed. Wherefore, defendant prays judgment for his costs.

To this paragraph of answer the appellant demurred, but the demurrer was overruled and the appellant excepted. This ruling is assigned as error.

It is obvious that that portion of the pleading under consideration which undertakes to give an excuse for the delay in performing the work is not sufficient to bar

the action. If the allotment was completed to the satisfaction of the trustee, in good faith, before such trustee had the work done upon it, for which he prosecutes this action, we think this would be a complete defense. But whether the answer, when construed together in all its averments, constitutes a bar to the action depends, in our judgment, upon whether or not the fact that the work was accepted by the trustee is well pleaded. Undoubtedly if the trustee in the exercise of his discretion received the work as completed at the hands of the appellee, such acceptance would be a bar to the present action. There is no attempt to plead that the work was finished as the law required. Certainly the fact that appellee "proceeded to clean out said allotment to the depth that it was originally dug" would not be a compliance with the statutory requirements. Nor do we think that the averment "that after he had so cleaned out said allotment the same was accepted by said trustee as completed" is sufficient to show that the trustee received the work as completed before he had the work done for which he prosecutes this action. For ought that appears the trustee may have "accepted" the allotment in many ways besides receiving the work as complete at the hands of the appellee. He may have "accepted" it after the same had been performed by those whom the trustee himself employed for that purpose. There is certainly nothing in this pleading to exclude such an hypothesis. Nor is it shown in what manner or under what circumstances the trustee "accepted" the allotment. The facts constituting such acceptance should have been set out at least in a general way.

It is insisted, however, that the same facts which could have been proved under this answer were admissible also under the general denial, which was also pleaded, and that hence there could have been no harm-

ful error in overruling the demurrer. If we should concede the premises, the conclusion does not follow. The decided cases establish the rule in this State that it is harmful error to overrule a demurrer to a bad paragraph of answer, even if the same facts could have been proved under another paragraph which is good. The ruling of the court upholding the bad pleading is a judicial declaration that the defense therein pleaded is sufficient to bar the action, if proved, and such a ruling is equivalent to the establishment of a theory unjustly cutting off the plaintiff from his rights. There is a marked difference between overruling a demurrer to a bad answer and sustaining a demurrer to a good answer, the failure to observe which has led to great confusion in the decisions. See *Bowlus* v. *Phenix Ins. Co.*, 133 Ind. 106; Elliott App. Proced., 669. In the works just cited the learned authors say : "Confusion frequently results from applying the settled rule, that a ruling sustaining a demurrer to one of several paragraphs of a pleading is harmless in a case where there are other paragraphs of a pleading under which all of the facts can be proved, to a case where a demurrer is overruled to one of several paragraphs. The cases are radically different. It cannot possibly do the party whose demurrer is overruled any good to hold that there are other paragraphs under which all the evidence is admissible, although it may do his adversary a vast deal of good to so hold. It is no benefit to the party who demurs that his adversary may give evidence under other paragraphs, although to the adversary the benefit may be very great. In holding a defective paragraph good, the court adjudges that if the party by whom it is pleaded proves it he will be entitled to recover. No such thing is adjudged where a demurrer is *sustained* to one paragraph of several. It is true that it is adjudged that the paragraph is insuf-

ficient, but no harm can result from such a ruling, if, in fact, no competent evidence is excluded, and it is not excluded if other paragraphs are left standing which entitle it to submission. It is far otherwise where an insufficient paragraph is adjudged sufficient, for there is nothing to aid the party who demurs. All that he can do is to except to the ruling. He has a right to test the pleading by demurrer, and if it is held good when it should have been held bad, he cannot call to his aid other pleadings. He has, also, the right to assume that the court will adhere to the theory declared or indicated by its ruling and to conduct the case until the end upon that assumption.''

In *Messick* v. *Midland R. W. Co.*, 128 Ind. 81, the court says: ''No answer was necessary but the general denial, as under that answer in this class of actions all defenses, whether partial or complete, may be shown. In such case, sustaining a demurrer to a good special answer would not be available error; but overruling a demurrer to a bad answer is error for which the case must be reversed.''

See also, *Scott* v. *Stetler*, 128 Ind. 385; *Tewksbury* v. *Howard*, 138 Ind. 103.

In *Abdil* v. *Abdil*, 33 Ind. 460, the court said: ''But where bad special answers are held good, it is not perceived that the plaintiff is in any way benefited by the general denial being in. He has no mode of availing himself of the objections to the answer but by demurrer, and that being overruled, if the answer is true in point of fact, his case is at an end.''

We think the court should have sustained the demurrer to the second paragraph of the answer.

Judgment reversed.

*Davis* and *Gavin, J. J.*, absent.

Filed March 12, 1895; petition for rehearing overruled June 12, 1895.