BINFORD v. THOMAS.

[No. 2,260.  Filed October 29, 1897.]

CONTRACTS.—*Deed.*—*Reservation.*—Where a deed of conveyance to real estate was made "subject to all rents and profits of said farm for the year 1895," etc., and contemporaneously with the execution of such deed a written contract was entered into between the parties reciting that such deed is executed, "subject to all rents and profits of said farm for the year 1895, as evidenced by two certain leases, one to Jacob Wycliff for the rent of said place to September 1, 1895, and the other to the Shelbyville Gas Company for $100.00 per annum.  * * *  It is further expressly agreed that in case said Shelbyville Gas Company refuses to pay said Binford the $100.00 rent for the gas well in the fall of 1895, on account of his not being the owner of the farm, that the said Thomas will receive and receipt for said rents and turn the same over to Binford."  The grantee collected the $100.00 rent from the gas company which was in advance to November, 1896, and tendered to grantor $11.50, the proportion thereof for the year 1895.  *Held*, that by the terms of the contract the grantor was entitled to recover the $100.00.  *pp. 331–334.*

Binford *v.* Thomas.

PRACTICE.—*Overruling Demurrer to Bad Answer.*—Overruling a demurrer to a bad answer is not rendered harmless by reason of a general denial being pleaded, or because there are good answers under which the same evidence is admissible. *p. 334.*

From the Hancock Circuit Court. *Reversed.*

*Ephraim Marsh* and *W. W. Cook,* for appellant.
*Edward W. Felt,* for appellee.

COMSTOCK, J.—The material averments of the complaint are, that on the 29th day of April, 1895, appellant sold to appellee certain real estate; that the Southern Indiana Gas Company, generally known by the name "Shelbyville Gas Company," held a gas lease contract at $100.00 per annum, the rental being payable in advance on the 20th day of November, 1895; that at the time of the land sale there was a written agreement entered into between the parties, wherein it was agreed that said rental was to be paid to appellant, but if the company refused to pay the $100.00 rental for the gas well in the fall of 1895, the appellee was to receipt for and pay the same to the appellant; that appellee received the rental, but refused to pay the same to appellant, although requested so to do. The contract is made an exhibit to the complaint. Appellee answered in two paragraphs. First, a general denial. The second pleads a tender of $11.50 to appellant, before the institution of the suit, as the amount due him on the rental in question, and shows that the same had been paid to the clerk of the Hancock Circuit Court for the use and benefit of appellant. It admits the execution of the contract upon which the complaint is based, and makes the same a part of the answer. It avers that the deed conveying the real estate to appellee was executed contemporaneously with the said contract and made it also a part of the answer. It further avers that by the terms of the contract and deed executed contemporaneously,

a conveyance to the appellee by appellant of the real estate described in the complaint, and contract was made "subject to all the rents and profits of said farm for the year 1895, as evidenced by certain leases, one to Jacob Wycliff for the rent of said place until September 1, 1895, and the other to the Shelbyville Gas Company for $100.00; that at the time of the execution of the deed and contract, the appellant collected rent under said gas lease for the year 1895 up to November 20, of that year; that of the $100.00 collected by appellee, $11.50, the amount of the tender, was rent for 1895, and $88.50 was rent accruing from January 1 to November 20, 1896.

A demurrer to this paragraph of answer was overruled, and exceptions taken. A general denial filed by way of reply. Trial by the court and finding for the defendant, and over the motion of appellant for a new trial judgment rendered for the plaintiff for the sum of $11.50 (said sum being the amount of tender by the defendant to the plaintiff before the bringing of the suit), and judgment in favor of defendant for costs.

The errors assigned and discussed are, the overruling of appellant's demurrer to the second paragraph of the answer, and overruling his motion for a new trial.

The theory of the complaint is, that by the said agreement, the rental of $100.00 for the gas well which became due in the fall of 1895, belonged to appellant; that appellee agreed if he received it to turn it over to appellant; that he did receive it and failed and refused to turn it over according to his agreement. The answer proceeds upon the theory that the measure of appellant's recovery is that portion of the rent accruing for the year 1895; that the amount due appellant is determined, not by the amount collected at a certain time, but by the period of time during which the same

accrues as designated by the deed and contract; that the deed and contract should be construed together in determining the sufficiency of the answer.

The only material part of the deed is in the words "subject to all the growing crops, rents, and profits for the year 1895." These words are incorporated in the agreement made an exhibit both in the complaint and answer. The answer would not have been materially changed by omitting the deed entirely. The sufficiency of the answer must depend upon the interpretation put upon the agreement upon which the complaint is based. The answer simply gives the appellee's legal construction of the contract. This is not the office of a pleading. It remains for the court to ascertain its meaning when pleaded, from the instrument itself. No fraud or mistake is charged. It is probable that the parties did not understand the agreement alike when they executed it, but that would not change the rules by which it is to be interpreted.

It reads as follows, to-wit: "This article of agreement * * * witnesseth: that whereas said Binford has this day sold to said Thomas one certain farm [describing it], it is hereby expressly agreed by and between said parties that said warranty deed is made subject to all the rents and profits of said farm for the year 1895, as evidenced by two certain leases, one to Jacob Wycliff for the rent of said place to September 1, 1895, and the other to the Shelbyville Gas Company for $100.00 per annum. * * * * It is further expressly agreed that in case said Shelbyville Gas Company refuses to pay said Binford the $100.00 rent for the gas well in the fall of 1895, on account of his not then being the owner of the farm, that the said Thomas will receive and receipt for said rents and turn the same over to said Binford."

It will be observed that by the terms of the agree-

ment said warranty deed is made subject to all the rents and profits of said farm for the year 1895, as evidenced by two certain leases, one to Jacob Wycliff for the rent of said place to September 1, 1895, and the other to the Shelbyville Gas Company for $100.00 per annum. And that it is further expressly agreed that in case the said Shelbyville Gas Company refuses to pay said Binford the $100.00 rent for the gas well in the fall of 1895, on account of his not being the owner of the farm, that the said Thomas will receive and receipt for said rents and turn the same over to the said Binford. The recital of the deed, "subject," etc., simply releases the grantor from his covenant of warranty. The contract reserves the rents and profits, including the rental for the gas well. The language of the agreement, we think, is free from ambiguity to the effect that if the Shelbyville Gas Company pays the rent in the fall of 1895, appellee will turn it over to appellant. The measure of recovery was the amount due if paid in the year 1895, and not the rent for 1895. It follows, that the amount tendered was not sufficient, and that as an answer of tender it was not good.

The Supreme Court of this State has held, that when a demurrer to a bad answer is overruled, the fact that a general denial is also pleaded, or that there are other good answers under which the same evidence is admissible, does not render the ruling immaterial. See *Over* v. *Shannon*, 75 Ind. 352; *Messick* v. *Midland R. W. Co.*, 128 Ind. 81; *Thompson* v. *Lowe*, 111 Ind. 272, and the authorities there cited.

One of the reasons assigned in the motion for a new trial is, that the amount of the judgment is too small. This ground is well taken. We do not deem it necessary to pass upon the other alleged errors, as they are not likely to arise upon another trial.

Judgment is reversed, with instructions to the trial

court to sustain the appellant's demurrer to the second paragraph of appellee's answer, and for other proceedings not inconsistent with this decision.