SULLIVAN MACHINERY COMPANY v. BREEDEN ET AL.

[No. 6,111. Filed October 9, 1907. Rehearing denied December 11, 1907.]

1. PLEADING.—*Answer.*—*Erroneous.*—*Overruling Demurrer to.*—The overruling of a demurrer to an insufficient paragraph of answer is reversible error, though the facts alleged therein were admissible under the general denial already pleaded, unless it affirma-

tively appears that the judgment rests upon a sufficient paragraph of such answer. p. 635.

2.   TRIAL.—*Verdict.—On What Paragraph Found.*—Where the verdict for defendants was general and no interrogatories were submitted, it is impossible for the Appellate Court to determine on which paragraph of answer such verdict rests. p. 636.

3.   PLEADING.—*Answer.—Contracts.—Denial of.—How Shown.*—An answer, in an action on a written contract, showing that a certain contemporaneous parol contract was entered into by the parties, and that the defendants at no time made any other or different contract, is bad, since it admits the execution of the written contract sued upon, and undertakes to avoid same by showing a different parol contract. p. 636.

4.   SALES.—*Warranties.—Express.—Implied.—Contracts.* — Express warranties, contained in a written contract, exclude implied ones. p. 637.

5.   PLEADING.—*Answer.—Contracts.—Alleging Different One than That Sued Upon.*—An answer which does not deny nor refer to the execution of the written contract sued upon, but which alleges the making of a different and parol contract, is bad, the presumption being that such oral contract was a different transaction. p. 638.

6.   SAME.—*Cross-Complaint.—Damages.—Breach of Warranty.*— In an action on a contract, a cross-complaint for damages for breach of warranty, is bad, where it fails to show, by the facts, any injury, or that the machine concerned in the contract was ever paid for, or that defendants were liable for it, although it contains a general allegation that defendants were damaged $3,000. p. 638.

From Owen Circuit Court; *Joseph W. Williams,* Judge.

Action by the Sullivan Machinery Company against William T. Breeden, and others. From a judgment for defendants, plaintiff appeals. *Reversed.*

*Joseph E. Henley,* for appellant.
*Miers & Corr,* and *Louden & Louden,* for appellees.

RABB, J.—The appellant sued the appellees in the court below for the purchase price of a channeling machine alleged to have been sold by appellant to appellees. The suit was based on a written contract, which reads as follows:

"This agreement entered into June 6, 1902, between the Sullivan Machinery Company, of Chicago, Illinois, a..d Claremont, New Hampshire, and the Monarch

Stone Company, of Bloomington, Indiana, witnesseth: The Sullivan Machinery Company agrees to deliver to the Monarch Stone Company, f. o. b. cars Claremont, New Hampshire, not later than June 13, 1902, one new Y Sullivan channeling machine, with latest improvements, and with all equipments as per catalogue No. 80, excepting one set of drills is wanted cutting to the depth of nine feet, instead of two set drills cutting to depth of six feet. Price $2,200. Said Sullivan Machinery Company guarantees this channeling machine to be equal in design, material, and workmanship to the recent machines shipped into the Indiana district, and to replace any part or parts of the machine breaking, due to defective material or poor workmanship, within one year from the date of this agreement. The Sullivan Machinery Company further agrees to assume the freight on the above material from Claremont, New Hampshire, to Clear Creek station, Indiana. Said Monarch Stone Company agrees to pay said Sullivan Machinery Company for the above machinery on the following terms: $2,200 less two per cent if paid within thirty days after the arrival of machine at Clear Creek station, Indiana, or by four equal notes of $550, payable thirty, sixty, ninety, and one hundred and twenty days, respectively, after arrival of machine at Clear Creek station, Indiana, said notes to bear interest at six per cent. This contract is contingent upon strikes, fires, accident, or other delays unavoidable or beyond control.''

This contract is alleged to have been executed by the plaintiff and by the defendants under the name and style of the Monarch Stone Company. The defendants answered in eleven paragraphs, the fourth of which is as follows: ''Said defendants, for further joint and separate answer herein, say that during the year 1902 said defendants desired to purchase a stone channeling machine, and that said defendants were each called upon and solicited by said plaintiff's agent to purchase a Sullivan channeling machine; that said plaintiff's agent represented to said defendants and to each of them that said Sullivan channeling machine was the best channeling machine on the market, would cut 700 lineal feet of stone each day when continuously operated, was economical in operation, and he would warrant and guar-

antee these facts to be true; that said defendants, relying on said agreements, promises, and warranties so made by said plaintiff's agent, authorized said plaintiff's agent to deliver to them at their quarry in Monroe county, Indiana, one Sullivan channeling machine; that said plaintiff has at no time complied with said promises, agreements, and representations so made by said plaintiff's agent; that said defendants at no time made any other or different contract or arrangement with said plaintiff. Wherefore, said defendants demand judgment for costs." This paragraph of answer was not verified.

The ninth paragraph was pleaded as a cross-complaint, and averred that plaintiff's agent called upon and solicited defendants to purchase a Sullivan channeling machine, and represented to each of them that the Sullivan channeling machine was the best machine on the market, "would cut 700 lineal feet of stone each day when continuously operated, was economical in operation, and he would warrant and guarantee these facts to be true; that, relying on these warranties, they authorized plaintiff's agent to deliver to them at their quarry one Sullivan channeling machine, and that the machine, as purchased, was not the best machine on the market; that it was not properly built; that it was so constructed as to be extravagant in the use of steam, and of insufficient working ability; that the auxiliary valve leaked live steam into the exhaust; that the auxiliary valve failed to produce proper action of the main valve, or to give it full stroke; that it caused the working ability of the machine to be greatly impaired, and lessens its cutting ability; that it had at no time cut 700 lineal feet of stone per day; that in operating said machine the defendants have been compelled to pay the same as if said machine cut 700 feet per day." The tenth paragraph of answer avers the same facts regarding the representations and warranties of the plaintiff's agent, the authority given the plaintiff's agent to deliver to defendants a Sullivan channeling machine at the quarry,

and then avers that on the arrival of the machine at the quarry said agent assumed control of the unloading of the machine, and in so doing dropped the same, and it was injured; that said agent removed the parts injured to a machine-shop, and attempted to have them repaired; that defendants notified plaintiff's agent that they would not receive said machine so injured and damaged, and that plaintiff, by its agent, at the time requested defendants to place said machine in its quarry and see if said machine was as agreed upon, and defendants, upon said request, placed said machine in said quarry; that said machine did not work as represented by plaintiff, and said defendants notified plaintiff of the fact; that plaintiff took possession of said machine, made numerous changes and repairs on the same, and tried to operate said machine, but neither plaintiff nor defendants have been able to operate said machine so that it will do the work as represented, and the same is worthless. The appellant's demurrer to these paragraphs of answer was overruled. The cause was tried by a jury, a general verdict returned in favor of appellees, and judgment rendered on this verdict against appellant that it take nothing by its complaint. The ruling of the court on the demurrer is properly assigned here as error, and presents the question of its sufficiency to meet the case made by the appellant's complaint.

We are first met by the contention of appellees that no question is raised by the ruling of the court on the demurrer to the paragraphs of answer in question, for the reason

1. son that all the facts pleaded in these several paragraphs of answer could properly be given in evidence under the general denial and other paragraphs of answer that were unquestionably good, and we are cited in support of this contention to the well-recognized rule that where a demurrer is sustained to a good paragraph of answer, and there are other paragraphs of the pleading remaining in the issues under which the same facts could be proved that could

have been proved under the paragraph demurred out, there is no available error. Appellees do not say so, but it is to be presumed that their process of reasoning is that what is sauce for the goose ought also to be sauce for the gander. This ancient homily does not apply in this case. Just the converse is true. Where a demurrer is overruled to a. bad paragraph of a complaint or answer, unless the facts set forth in such paragraph of complaint or answer are competent to go in evidence under some other sufficient paragraph, and it affirmatively appears that the verdict or finding is based on such paragraph, and not on the defective one, such ruling will constitute reversible error. *Booher* v. *Goldsborough* (1873), 44 Ind. 490; *Abdil* v. *Abdil* (1870), 33 Ind. 460; *Perry* v. *Greensburgh, etc., Turnpike Co.* (1873), 43 Ind. 321.

Here the verdict is a general one on all the issues. It is in nowise controlled by a special finding or by answers to interrogatories, and it cannot be determined upon what paragraph of answer the verdict was founded, and therefore, if either of these paragraphs of answer was not sufficient to withstand a demurrer the overruling of the demurrer thereto constituted reversible error.

While the fourth paragraph of the answer avers that the defendants at no time made any other or different contract or arrangement with said plaintiff than is set up in said paragraph of answer, yet the answer, not being verified, raises no issue as to the execution of the written contract set up in the plaintiff's complaint, as is thoroughly settled by the well-considered case of *Cincinnati, etc., Co.* v. *Chenoweth* (1899), 22 Ind. App. 685, and the cases therein cited. It therefore admits the execution of the contract, as averred in the complaint, but undertakes to avoid it by alleging an altogether different parol contract of warranty than that contained in the writing sued upon. The written guaranty contained in the contract of sale between the parties is that the channeling machine sold was

equal in design, material, and workmanship to the machines recently shipped into the Indiana district, and the appellant agreed to replace any part or parts of the machine breaking, due to defective material or poor workmanship, within one year from the date of the agreement. No breach of this warranty is alleged in the answer, but it sets

4.   up a parol warranty, averred to have been made, not by the plaintiff, but by the plaintiff's agent, that the machine was the best on the market, that it would cut 700 lineal feet of stone per day when continuously operated, and that it was economical in operation, none of which warranties were included in the written contract. It is settled by all the authorities, elementary and judicial, that where an article is sold under a written contract, and the writing contains warranties of its quality, workmanship, or performance, all oral and implied warranties will be merged in the writing. In *Shirk* v. *Mitchell* (1894), 137 Ind. 185, 190, the court said: "Where a written contract of warranty is made, oral warranties and implied warranties are all merged in the written contract, and by its terms the parties must be bound, as in other cases of written agreements." Citing, *McClure* v. *Jeffrey* (1856), 8 Ind. 79; *Gatling* v. *Newell* (1857), 9 Ind. 572; *Smith* v. *Dallas* (1871), 35 Ind. 255; *Robinson Mach. Wks.* v. *Chandler* (1877), 56 Ind. 575; *Johnston Harvester Co.* v. *Bartley* (1882), 81 Ind. 406; *Brown* v. *Russell & Co.* (1886), 105 Ind. 46; *Conant* v. *National State Bank* (1889), 121 Ind. 323; *Seitz* v. *Brewers Refrigerating Mach. Co.* (1891), 141 U. S. 510, 12 Sup. Ct. 46, 35 L. Ed. 837. To the same effect are the late cases of *Otto* v. *Bremen* (1905), 142 Mich. 185, 105 N. W. 601; *Houghton Implement Co.* v. *Doughty* (1905), 14 N. Dak. 331, 104 N. W. 516; *Buchanan* v. *Laber* (1905), 39 Wash. 410, 81 Pac. 911; *Day Leather Co.* v. *Michigan Leather Co.* (1905), 141 Mich. 533, 104 N. W. 797. This paragraph of answer was clearly bad, and the demurrer thereto should have been sustained.

We think the tenth paragraph of answer is equally bad. It presents no issue on the contract set up in the complaint. It does not deny its execution by the appellees, and its complete fulfilment by the appellant. It sets up an entirely different contract from the one sued upon, in noway referring to the contract sued on, but averring that under the contract set up in the answer the appellant placed in appellees' stone-quarry a worthless Sullivan channeling machine, which appellees refused to receive. It does not aver that the worthless channeling machine mentioned and described in the answer is the same machine for the price of which the appellant is suing. For aught that appears in this plea the appellant may have sold or contracted to sell the appellees numerous channeling machines, and the worthless channeling machine alleged to have been placed in appellees' quarry by the appellant may have been, and presumably was, an entirely different machine from the one mentioned in the appellant's complaint. It is not even averred in this paragraph of answer, as it is in the fourth paragraph, that the contract between the appellant's agent and the appellees was the only contract ever entered into with reference to a channeling machine between the appellant and the appellees. We think the demurrer to this paragraph of answer should have been sustained.

The ninth paragraph of answer, which sets up a cross-complaint, is bad for the reason that it fails to show by the facts averred that the appellees sustained any damages. It does aver that the appellees authorized the appellant's agent to deliver to them at their quarry in Monroe county, one Sullivan channeling machine. It does not directly aver that the channeling machine was ever delivered. It appears only by inference that the same was delivered. It does not aver that the appellees ever paid a cent for the machine, or ever agreed to pay any thing for it, or in any way became liable to pay for it. It is to be inferred from the allegations of this cross-complaint

that the appellant delivered to the appellees a channeling machine, and that the appellant's ·agent represented that the channeling machine was the best machine on the market, would cut 700 lineal feet of stone per day when continuously operated, was economical in operation, and he would warrant and guarantee these facts to be true; that as a matter of fact it was not the best channeling machine on the market; that it was so built and constructed that it was extravagant in the use of steam, and insufficient in working ability; that the auxiliary valve in said machine leaked live steam into the exhaust, and failed to give the proper stroke to the machine; that it at no time cut 700 lineal feet of stone per day, but had cut 300 lineal feet of stone per day; that appellees had obtained the use of this machine for nothing, defective though it ·was. It is true, it is averred that appellees had been damaged in the sum of $3,000, but the facts upon which this conclusion was predicated nowhere appear in the answer. On the contrary, it is rather to be presumed that the appellees had been benefited by the transaction, because it fails to show that they had ever paid anything for the machine, or had ever obligated themselves to pay anything for it, and it fails to show that in using the machine the work it did was not worth more than the expense of operating it. We therefore think this paragraph of answer was clearly bad, and the demurrer thereto should have been sustained.

For these errors the judgment of the court below is reversed.