Michigan, etc., R. Co. *v* S. J. Peabody Lumber Co.—76 Ind. App. 222.

contract with the trustees, though taken in the name of Lau, became, as between them, the contract of both, and the profits therefrom were to be shared equally.

It is not the law, as contended by appellant, that a contract creating a partnership must specifically provide that the parties thereto shall share the losses. *Leeds* v. *Townsend* (1907), 228 Ill. 451, 81 N. E. 1069, 13 L. R. A. (N. S.) 191. Where, as in the case at bar, it is stipulated in the agreement that the parties are to share the profits, and nothing is said as to losses, it follows as a legal consequence that they must share the losses. *Miller* v. *Hughes* (1818), 1 A. K. Marsh (Ky.) 181, 10 Am. Dec. 719; 20 R. C. L. 826. It has many times been held by the courts, and is the law, that a partnership may exist for a single transaction, venture or undertaking. *Solomon* v. *Solomon* (1847), 2 Ga. 18; 20 R. C. L. 846.

The verdict of the jury is sustained by the evidence. Affirmed.

---

MICHIGAN CENTRAL RAILROAD COMPANY *v.* S. J. PEABODY LUMBER COMPANY.

[No. 10,860. Filed June 29, 1921.]

1. APPEAL.—*Review.*—*Appointment of Special Judge.*—*Objections.*—*Waiver.*—*Presumptions.*—Where the record is wholly silent as to the appointment of a special judge, a presumption will arise that it was duly made, and if his authority is not questioned until after a trial is had and a judgment rendered, all objections based on the absence of an appointment in conformity with the statute, which might have been properly and successfully made, if timely presented, will be deemed waived. p. 227.

2. CARRIERS.—*Carriage of Freight.*—*Charges.*—*Consignor's Liability to Terminal Carrier.*—A terminal carrier may pay freight charges of an initial carrier and collect from the consignor, even though the shipment is improperly routed, where the terminal carrier has no knowledge of that fact. p. 228.

3. PLEADING.— *Answer.— Sufficiency.*— Where a paragraph of answer assumes to respond to the whole complaint, or some item or particular part thereof, and fails to do so, it is insufficient as against demurrer. p. 229.

4. APPEAL.—*Review.—Overruling Demurrer to Bad Paragraph of Answer.—Reversal.*—Although the sustaining of a demurrer to a good paragraph of answer is not reversible error, where the facts alleged therein are provable under another paragraph of the pleading remaining in the issues, such rule does not apply where a demurrer is overruled to an insufficient paragraph of answer, unless it affirmatively appears from the record that the verdict or finding is based on such other paragraph and not on the one to which the demurrer was overruled. p. 229.

5. CARRIERS.—*Carriage of Freight.—Action to Recover Freight Charges.—Partial Answer.—Sufficiency.*—In an action by a carrier to recover freight and demurrage charges, a paragraph of answer alleging that the amount of freight charged against shipment when it reached its destination exceeded the amount properly chargeable by a specified sum, that by reason of such fact the consignee refused to accept the shipment, and that thereafter the carrier without notifying defendant shipper that the consignee had refused to pay the freight charges, and without its consent shipped the consignment to another place, where it was sold in violation of §§3893, 3894 Burns 1914, §§2900, 2901, R. S. 1881, *held,* sufficient as a partial answer directed to so much of the complaint as seeks to recover demurrage, reconsignment and freight charges which accrued after the consignment reached its destination. p. 230.

6. CARRIERS.—*Carriage of Freight.—Negligence of Initial Carrier.—Terminal Carrier's Liability.*—A terminal carrier, unless it is a party to a through contract of shipment, is not liable for any negligence or wrongful conduct on the part of the initial or any connecting carrier, in the absence of some statutory provision in that regard. p. 231.

7. PLEADING.—*Cross-complaint.—Sufficiency.—Surplusage.*—In an action by a terminal carrier against a shipper to recover freight charges, allegations in a cross-complaint charging the initial carrier with wrongful conduct, *held,* surplusage, which would not render the cross-complaint subject to demurrer, if otherwise sufficient, since it was based in part on the alleged wrongful conduct of plaintiff. p. 232.

8. CARRIERS.—*Carriage of Freight.—Action for Conversion.—Complaint.—Sufficiency.—Failure to Allege Ownership.*—In an action by a carrier against a shipper to recover freight and demurrage, a cross-complaint charging conversion of the consignment by an illegal sale must show that defendant shipper

was the owner of the consignment at the time of the alleged conversion, and such rule is not satisfied by an allegation that defendant shipped the consignment to a named consignee which refused to accept it, in view of the rule that in the shipment of goods the consignee is presumed to be the owner thereof. p. 232.

From Whitley Circuit Court; *B. J. Bloom,* Special Judge.

Action by the Michigan Central Railroad Company against the S. J. Peabody Lumber Company. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*E. K. Strong,* for appellant.

*William F. McNagny, Robert R. McNagny* and *Phil M. McNagny,* for appellee.

BATMAN, J.—This is an action by appellant to recover certain freight and demurrage charges, arising from a shipment of a carload of wood by appellee from Columbia City, Indiana, to the Illinois Fuel and Mining Company at Tolleston, Indiana. Appellee filed a cross-complaint against appellant, which might more properly have been designated as a counterclaim, in which it is alleged in substance, among other things, that on March 31, 1916, it shipped the carload of wood mentioned in the complaint; that it was loaded and delivered to the Vandalia Railroad Company at Columbia City, Indiana, and on said date a bill of lading was duly executed by said railroad company therefor, a copy of which is filed with the complaint; that said town of Tolleston is situated on a direct line of the Pittsburgh, Fort Wayne and Chicago Railroad Company, running from Columbia City, Indiana, to Chicago, Illinois, and that said line was intersected at Columbia City by the tracks of the Vandalia Railroad Company; that said line is the shortest and most direct route for shipment of

freight from Columbia City to said town of Tolleston; that it did not give said Vandalia Railroad Company any specific directions for the routing of said carload of wood, but that it had been for many years an extensive shipper of lumber and other materials over said Vandalia railroad, and that all of its shipments from Columbia City to Chicago and intermediate points had been routed over said Pittsburgh, Ft. Wayne and Chicago railroad; that notwithstanding such fact, said Vandalia Railroad Company shipped said car of wood from Columbia City to Tolleston by the way of South Bend, Indiana, which is a roundabout way for making shipments between said points; that in so doing said Vandalia Railroad Company failed to use a reasonable discretion for the benefit of appellee, as was its duty to do in the absence of specific directions; that its failure in that regard delayed said shipment, and increased the freight charges thereon from five cents to eight and one-half cents per hundredweight; that the weight of said car of wood was 34,000 pounds, as shown by the bill of lading therefor, and that the freight charges thereon, as fixed by the Vandalia Railroad Company, were $28.90; that appellant accepted said shipment from the Vandalia Railroad Company, as a connecting carrier, subject to the schedule of rates then on file with the railroad commission of Indiana; that upon the arrival of said car of wood at Tolleston, Indiana, appellant notified the consignee thereof, that the freight charges thereon were $94.24; that said sum was $65.24 in excess of the amount of freight properly chargeable for the shipment of said car of wood from Columbia City to Tolleston, Indiana, by way of South Bend, and was $77.24 in excess of the amount of freight properly chargeable, if shipped by the way of the Pittsburgh, Ft. Wayne and Chicago railroad; that the consignee of said

car of wood refused to accept the same, on account of said illegal and excessive freight charges; that appellant, without notifying appellee of that fact, removed said wood to Kensington, Illinois, and wrongfully converted the same to its own use by making sale thereof, without the consent of the consignee or the consignor, and without complying with the provisions of §§3893, 3894 Burns 1914, §§2900, 2901 R. S. 1881; that the value of said wood at the time of its said conversion was $60. Appellant filed a demurrer to this cross-complaint for want of facts, which was overruled, and thereupon answered the same by a general denial. Appellee filed an answer to the complaint in three paragraphs. The first was a general denial. The second was substantially the same as its cross-complaint, except that it does not contain any allegations as to the refusal of the consignee to accept the wood, or of appellant's conversion thereof. By this paragraph appellee seeks to answer all of the complaint, except $17, which it alleges was the proper freight charge for the shipment of said carload of wood over the most direct route between Columbia City and the town of Tolleston. The third paragraph contains substantially the same averments as the second, and in addition thereto alleges the refusal of the consignee to accept said wood upon its arrival at Tolleston, because of the illegal and excessive freight charges against the same, the shipment of the same to Kensington, Illinois, without notifying appellee of the consignee's refusal to pay the freight charges thereon, and the sale of the same by appellant for $58.50, without having complied with said §§3893, 3894, *supra*. By this paragraph appellee seeks to answer so much of the complaint as is based on the demurrage charges, which it is alleged accrued at Tolleston, Indiana, and Kensington, Illinois, including certain reconsignment and advance charges from Kensington

to Chicago, Illinois.  Appellant filed a demurrer for want of facts to each of said paragraphs of answer, which was overruled, and thereupon filed a reply thereto in general denial.  The cause was submitted to a jury for trial resulting in a verdict in favor of appellee for $58.50, which amount was duly remitted of record with the approval of the court.  Appellant filed a motion for a new trial, and also a motion in arrest of judgment, each of which were overruled.  Judgment was thereupon rendered against it for cost, and this appeal followed.

Appellee seeks to have the appeal in this cause dismissed on the ground that the record shows that the issues were settled before the regular judge of 1. the Whitley Circuit Court, while the cause was tried before a special judge, without disclosing any change of venue, or the appointment of such special judge.  These facts afford no ground for dismissal, as it is well settled that where the record is wholly silent as to the appointment of a special judge, a presumption will arise that it was duly made, and if his authority is not questioned until after a trial is had and a judgment rendered, all objections, based on the absence of an appointment in conformity with the statute, which might have been properly and possibly successfully made, if timely presented, will be deemed waived.  *Kennedy* v. *State* (1876), 53 Ind. 542; *Zonker* v. *Cowan* (1882), 84 Ind. 395; *Kenney* v. *Phillipy* (1883), 91 Ind. 511; *Schlungger* v. *State* (1888), 113 Ind. 295, 15 N. E. 269; *Bartley* v. *Phillips* (1888), 114 Ind. 189, 16 N. E. 508; *Lillie* v. *Trentman* (1891), 130 Ind. 16, 29 N. E. 405; *Larrance* v. *Lewis* (1912), 51 Ind. App. 1, 98 N. E. 892; *Pottlitzer* v. *Citizens Trust Co.* (1915), 60 Ind. App. 45, 108 N. E. 36; *Folger* v. *Barnard* (1919), 73 Ind. App. 523, 125 N. E. 460.

Appellant contends that the court erred in overruling

its demurrer to appellee's second paragraph of answer to the complaint. It is not clear whether this paragraph was intended as an answer to the entire complaint, or only to a part thereof. If it was intended as an answer to the entire complaint it is clearly insufficient, as appellee in effect admits therein, that it owes appellant the amount of freight properly chargeable, if the carload of wood had been sent over the shortest route. But construing said paragraph as a partial answer only, as we do, still it is insufficient, as its apparent theory is, that under the facts alleged it is only liable for the amount of freight properly chargeable, if said car had been shipped by the shortest route, to wit, $17. We cannot sustain this theory. If this were an action by the initial carrier against appellee for the transportation charges on said wood, a different question would be presented. This, however, is an action by the terminal carrier against appellee, as the shipper, to recover transportation and demurrage charges. There are no allegations in said paragraph of answer, which show that appellant had any knowledge that the initial carrier was at fault in routing said carload of wood, and hence it had a right, as the terminal carrier, to pay the charges of the initial carrier for making the shipment as it did, and collect the same of appellee. *Northern, etc., R. Co.* v. *Pleasant River, etc., Co.* (1917), 116 Me. 496, 102 Atl. 298; *Central Railroad, etc.* v. *Berry* (1917), 99 Misc. Rep. 560, 165 N. Y. Supp. 1041; *Central, etc., R. Co.* v. *Lovell* (1919), 111 Misc. Rep. 735, 180 N. Y. Supp. 922; *Wabash R. Co.* v. *Pearce* (1903), 192 U. S. 179, 48 L. Ed. 397; *Berry, etc., Co.* v. *Chicago, etc., R. Co.* (1906), 116 Mo. App. 214, 92 S. W. 714.

It appears from the averments of said paragraph of answer, that the proper freight charges on said wood from Columbia City to the town of Tolleston were

$28.90, and since it purports to answer all of the complaint, except as to the sum of $17, it is clearly insufficient as a partial answer under the settled rule, that where a paragraph of answer assumes to answer the whole complaint, or some item or particular part thereof, and fails to do so, it will be held insufficient on demurrer. *Yancy* v. *Teter* (1872), 39 Ind. 305; *Frazee* v. *Frazee* (1880), 70 Ind. 411; *Lash* v. *Rendell* (1880), 72 Ind. 475; *Douch* v. *Bliss* (1881), 80 Ind. 316; *Axt* v. *Jackson School Township* (1883), 90 Ind. 101; *McCaslin* v. *State, etc.* (1885), 99 Ind. 428; *McLead* v. *Aetna, etc., Co.* (1886), 107 Ind. 394, 8 N. E. 230. We therefore conclude that the court erred in overruling said demurrer.

Appellee in its brief does not claim that said second paragraph of answer is sufficient to withstand a demurrer, but relies solely on the fact that it had an answer in general denial on file; that all the matters alleged in said paragraph of answer were provable under said answer in denial; and hence the overruling of appellant's demurrer to such paragraph, if error, is not cause for reversal. We cannot agree with this contention. While it is a well recognized rule, that where a demurrer is *sustained* to a *good* paragraph of answer, but the facts alleged therein are provable under another paragraph of the pleading remaining in the issues, such ruling is not reversible error, the rule does not apply where a demurrer is *overruled* to an *insufficient* paragraph of answer, unless it affirmatively appears from the record that the verdict or finding is based on such other paragraph, and not on the one to which the demurrer was overruled. *Sullivan Mach. Co.* v. *Breeden* (1907), 40 Ind. App. 631, 82 N. E. 107; *Binford* v. *Thomas* (1897), 18 Ind. App. 330, 47 N. E. 1075; *Norris, Trustee,* v. *Tice* (1895), 13 Ind. App. 17, 39 N. E. 1046; *Thompson* v. *Lowe* (1887), 111 Ind. 272,

230    APPELLATE COURT OF INDIANA,

Michigan, etc., R.•Co. v. S. J. Peabody Lumber Co.—76 Ind. App. 222.

12 N. E. 476; *Welsh* v. *Brown* (1893), 8 Ind. App. 421, 35 N. E. 921; *Wright* v. *Kleyla* (1885), 104 Ind. 223, 4 N. E. 16; *Cleveland, etc., R. Co.* v. *Perkins* (1908), 171 Ind. 307, 86 N. E. 405; *Chicago, etc., R. Co.* v. *Chaney* (1912), 50 Ind. App. 106, 97 N. E. 181. The verdict in the instant case is a general one, and is not controlled in any wise by answers to interrogatories. Hence, it cannot be determined upon what paragraph of answer it is founded. This being true, the error of the court in overruling the demurrer to said second paragraph of answer is ground for reversal. *Sullivan Mach. Co.* v. *Breeden, supra.* Decisions may be found which may appear not to be in complete harmony with the rule stated and conclusions reached, but any such lack of harmony will be found to arise from an attempt to apply the rule applicable, where a demurrer is *sustained* to a *good* paragraph of pleading, to a case where a demurrer is *overruled* to an *insufficient* paragraph, without the limitation stated above. The confusion thus arising is discussed by Judge Elliott in his valuable work on Appellate Procedure §§591, 669, the latter section being cited with approval by this court in the case of *Norris, Trustee,* v. *Tice, supra.*

Appellant asserts that the court erred in overruling its demurrer to the third paragraph of answer to the complaint. It is not clear whether this para-

5.   graph was intended as an answer to the entire complaint, or only to a part thereof. If it was intended as an answer to the entire complaint it is clearly insufficient as it does not purport to answer so much thereof as seeks to recover for the proper freight charges on said carload of wood. However, by a liberal interpretation we may consider it as a partial answer, directed against so much of the complaint as seeks to recover demurrage, reconsignment and freight charges, which accrued after the car reached its destination at

Tolleston, Indiana. While it contains much that is surplusage, it does allege that the amount of freight charged by appellant against said carload of wood when it reached said destination was $94.24, which exceeded the amount properly chargeable against the same, when shipped by South Bend, Indiana, by the sum of $63.34; that said sum so charged was excessive and illegal, and that by reason of such fact, the consignee of said wood refused to accept the same upon its arrival at Tolleston, Indiana; that thereafter appellant without notifying appellee that the consignee had refused to pay said freight charges, and without its knowledge or consent, shipped said car of wood to Kensington, Illinois, where it sold the same in violation of §§3893, 3894, *supra.* These facts we deem sufficient to answer that portion of the complaint to which the paragraph in question is addressed, when considered as a partial answer, and the court, therefore, did not err in overruling appellant's demurrer thereto.

Appellant contends that the court erred in overruling the demurrer to the cross-complaint. An examination of this pleading discloses that it contains much

6.    surplusage. We refer to the allegations charging wrongful conduct on the part of the Vandalia Railroad Company, with reference to the routing of the carload of wood in question, as it is well settled that a terminal carrier, unless it is a party to a through contract of shipment, is not liable for any negligence or wrongful conduct on the part of the initial or any connecting carrier, in the absence of some statutory provision in that regard. *Grand Trunk R.* v. *Satuloff* (1920), 182 N. Y. Supp. 81; *New York, etc., R. Co.* v. *Weil* (1909), 119 N. Y. Supp. 676; *Glover* v. *Cape, etc., R. Co.* (1902), 95 Mo. App. 369, 69 S. W. 599; *Houston, etc., R. Co.* v. *Buchanan* (1905), 38 Tex. Civ. App. 165, 84 S. W. 1073; *Sumner* v. *Walker* (1887), (D. C.) 30

Fed. 261. However, since the cross-complaint is based in part at least on the alleged wrongful conduct of appellant, ·such surplusage would not render the same subject to demurrer, if it is otherwise sufficient. In order for the cross-complaint to state a cause of action it must appear from the averments thereof, that appellee was the owner of the. carload of wood at the time of its alleged conversion by appellant. This, it fails to do. There is no specific allegation as to who was the owner of the wood at the time of its alleged conversion, but it is alleged that appellee shipped the same to the .Illinois Fuel and Mining Company at Tolleston from Columbia City, Indiana. From this fact it will be presumed that appellee was not the owner of the wood at the time it is alleged to have been converted to its own use by appellant, under the settled rule that in the shipment of goods the consignee is presumed to be the owner thereof. *Madison, etc., R. Co.* v. *Whitesel* (1858), 11 Ind. 55; *Pennsylvania Co.* v. *Holderman* (1879), 69 Ind. 18; *Pennsylvania Co.* v. *Poor* (1885), 103 Ind. 553, 3 N. E. 253; *Cleveland, etc., R. Co.* v. *Moline Plow Co.* (1895), 13 Ind. App. 225, 41 N. E. 480; *Butler* v. *Pittsburg, etc., R. Co.* (1897), 18 Ind. App. 656, 46 N. E. 92. Since the cross-complaint fails to show that appellee was the owner of the wood at the time of its alleged conversion by appellant, the court erred in overruling the demurrer thereto. Appellee, however, calls our attention to the fact that the record shows that it remitted the amount found in its favor on the cross-complaint, and contends that by reason of this action on its part, any question as to the correctness of the court's ruling on the demurrer thereto has become moot. But we need not consider this question, as the judgment involves appellant's right to recover upon the complaint, to which an insufficient paragraph of answer was

sustained, as well as appellee's right to recover upon the cross-complaint.

Since the judgment must be reversed for the errors stated above, other alleged errors need not be considered, as the same questions may not arise on another trial. The judgment is reversed with instructions to sustain appellant's motion for a new trial, its respective demurrers to appellee's cross-complaint and second paragraph of answer to the complaint, with leave to amend each, and for further proceedings consistent with this opinion.