BALLARD V. BOARD OF COMMISSIONERS OF GIBSON CO. ET AL.

[No. 18,585. Filed January 24, 1955.]

*Luther Benson* and *John W. Ballard,* of Princeton, for appellant.

*Robert J. Fair,* of Princeton, for appellees.

KENDALL, J.—Suit by appellant for a permanent injunction in which a temporary restraining order was granted upon the filing of his verified complaint. The relief sought was to enjoin appellees from paying a claim for services rendered by appellee Christie for the cleaning of a portion of a public drainage ditch and further to enjoin the appellees' county officials from causing the amount of the claim with penalty from being placed upon appellant's tax duplicate and collected in the method provided for collecting assessments in original drainage matters.

Appellee Bass, Surveyor of Gibson County, Indiana, had originally made an allotment for what is known as Clear Fork Lateral among the several owners of the real estate affected pursuant to statute, by the terms of which the several owners were required to bi-annually clean out and repair their several allotments, and further, in the month of August of each year, to remove and burn all brush, weeds, willows, trees and other natural growth from the sides and the bottom thereof and over all tile ditches and drains from the banks of such part, or parts, thereof as may lie

within the allotment for a distance of five (5) feet on either side thereof except where such natural growth or other weeds protected washings of the ditches and did not interfere with the flow of water.

Evidence was uncontradicted as to the appellant's location of his exact allotment to be cleared and burned clear of weeds, willows and other natural growth.

It is contended by appellant that in August, 1953, he proceeded to twice spray his allotment with a liquid chemical designed to kill the several kinds of weeds, willows and natural growth in the ditch preparatory to the burning of the same and removal thereof; that he deemed it unsafe to his property and that of the adjoining land-owners to burn the weeds, etc., on account of the severe drought in that area; that he intended when conditions were satisfactory to burn and remove such growth in the ditch. After August, 1953, had expired, the Surveyor of the county made an inspection of appellant's allotment and found that such growth had not been removed and burned therefrom. Whereupon, pursuant to statute, he made a contract with appellee Christie to remove and burn all such brush and natural growth at twelve (12¢) cents per lineal foot, which appellant does not contend is excessive. Appellee Christie did not perform the work until December, 1953. In the interim, appellant made no effort to comply with the statute. After the work was performed by Marvin Christie, the Surveyor filed a certificate of the expense incurred with the County Auditor in the sum of Two Hundred Ninety-seven ($297.00) Dollars to be paid out of the General Ditch Improvement Fund; thereupon, appellant brought this action in the lower court.

Trial by court in which special finding of facts and conclusions of law were given resulting in a judgment

in favor of appellees. Motion for new trial filed which was overruled. The assignment of errors are: (1) Error of court in each conclusion of law stated on special finding of facts; (2) Error in overruling motion for new trial.

There was evidence that the appellant had employed men to spray the growth in question but not burn the same; that the area involved had been designated by the Governor as a drought area subsequent to August, 1953; that the spraying of the allotment would in time to come make it easier to clean the ditch of the growth; that other land-owners had cut and burned their allotment during the period involved and in compliance with the statute; that appellee Christie performed similar kinds of work for the County Surveyor on the Princeton Farms' allotment which had been sprayed; that the allotment notices sent to the allotment holders by the Surveyor, including appellant, were given an extra fifteen (15) days by the Surveyor to perform the work; that the growth of appellant's allotment would obstruct the free flow of water and that the Surveyor in good conscience could not approve appellant's mode of procedure.

The duties of a surveyor in relation to the cleaning of ditches are given in §6, Acts 1951, p. 394, being §27-211, Burns' 1948 Repl., 1953 Supplement.

> "The County Surveyor *shall* set stakes to aid any person interested in locating his allotment. The person to whom an allotment for the biennial clean-out and repair has been assigned *shall, during the month of August of each year, remove and burn all brush, weeds, willows, trees and other material growth from the sides and bottoms* of all open, and over all tile ditches or drains, and from the banks of such part or parts thereof as lie within his allotment, for a distance of five feet on either side thereof, except where such natural growth, other than weeds, protects the washings

of such ditches and does not interfere with the flow of water therein. . . . The party to whom such allotment has been made shall set or mark in some way a permanent marking whereby he may know the portion of the ditch that he is to clean out biennially and from which he is to remove all brush, weeds, willows, trees or other natural growth, annually. In case any owner shall neglect or refuse to perform his duty, as set out in this section, *the County Surveyor shall employ someone to do the same, paying the costs thereof, together with his per diem and mileage, out of the general ditch improvement fund, and shall then certify the same to the county auditor who shall place the amount, together* with a penalty of ten per cent, on the tax duplicate, due at the next tax paying time thereafter to be collected the same as in an original ditch proceeding, and when collected, the same shall be credited to the general ditch improvement fund." (Our emphasis)

The statute specifically provides in relation to the person's duty having the allotment that it *shall* be his duty during the month of August of each year to remove and burn all brush, weeds, willows, etc. There is nothing in the statute that says that such natural growth has to be burned on the location of the allotment.

The Act further provides that in case an owner should neglect or refuse to perform his duty that the County Surveyor *shall* employ someone to do the same work and then provides the manner of taxing the costs. We construe the statute to mean exactly what it expressly says in the use of the word "shall," making it mandatory upon the owner to comply with the Act, and, on his failure, the sole duty and responsibility rests upon the County Surveyor. The duty and obligation placed upon the allotment holder, as well as upon the Surveyor, by the terms of this statute are unambiguous. Appellant argues that

he does not believe it to be the intention of the legislature by enactment of this statute to actually require the cleaning of the ditch in the month of August under the conditions, that there should be an exception, and he be excused from compliance therewith. With this we do not agree. There was evidence that other landowners complied with the Act without endeavoring to make an exception thereto. In some instances they had likewise sprayed the natural growth and subsequently burned and cleaned out the same according to statute. Had the legislature intended that a clean-out be made in any other manner than provided, in view of the clear and concise language of the Act, the legislature could have otherwise provided therefor. This court cannot read into the Act, under the conditions presented to it in this case, something which is not apparent and especially so in view of the mandatory nature and obligation placed upon the county officials. To permit each allotment holder to arbitrarily decide when he shall perform his duties with regard to the annual cleaning of the ditch allotment to him in addition to being contrary to the express words of the statute, would render the job of County Surveyor most difficult to perform and would tend to substitute the judgment of each allotment holder for that of the official charged by law with the responsibility of administering the same. If the statute were to receive the appellant's interpretation, there would cease to be any uniformity as to the cleaning of the various allotments. Certainly it was the intention of the legislature by the passage of the Act by providing it to be done in the month of August that there be complete uniformity in the administration thereof since many allotment holders would be affected.

In the case of *Norris, Trustee* v. *Tice* (1895), 13 Ind. App. 17, 39 N. E. 1046, the question was raised as to

whether or not the trustee who at that time had charge of ditches and drains could extend the time for cleaning them because the growth was dry and was impossible to dig at the bottom of the ditch. The court said in that case:

"It is obvious that that portion of the pleading under consideration which undertakes to give an excuse for the delay in performing the work is not sufficient to bar the action."

The Norris case, *supra,* is stronger than the present, for here there was no request made by the appellant Ballard for an extension of time to remove the growth. In view of the mandatory nature of the duty of the surveyor, as provided in §27-211, *supra,* it is well to consider the comment of the Supreme Court in the case of *Clifton* v. *State ex rel.* (1911), 176 Ind. 33, 95 N. E. 305, in which the court said:

"In a matter in which the element of time is such an essential factor, public policy forbids that a surveyor shall have the power to waive the rights of those for whom he acts, in extensions of time for the performance of the work of repairing drains, merely because of weather conditions, or difficulty in procuring laborers, which would operate as evasions of the contract, and of the duty owing to the public and to individuals."

The evidence shows conclusively that the spraying of the ground did not remove the growth from the appellant's allotment in compliance with the statute, and further that appellant's allotment was not cleaned or burned during the month of August.

In view of the statute under consideration, the decision of the Surveyor as to the propriety of repairing and cleaning out the allotment is conclusive. To accept

the owner's allotment in the manner presented to the Surveyor would actually have been contrary to law.

Sec. 27-213, Burns' 1948 Replacement, provides as follows:

> "The surveyor shall not accept any allotment or allotments as completed until he or a deputy has personally inspected the same and has found such allotment or allotments cleaned to their original specifications. . . ."

Appellant contends that the court's findings do not show a neglect or refusal on his part to clean the allotment; however, the evidence is clear and there is no dispute that the allotment was not cleaned and removed as contemplated by the statute.

Appellant further contends that the General Assembly has recognized spraying as a method of cleaning ditches. Sec. 27-252 makes mention of spraying, but there is no expression of any intent of the legislature to replace or make unnecessary the method of the annual cleaning of ditches as provided by §27-211, *supra*. It is for the County Surveyor to decide whether an allotment has been properly cleaned pursuant to the statute involved in this case, and, although a person may have taken certain steps such as spraying that ultimately would make it easier to clean, it is the duty of such surveyor to determine whether the same has been properly done, and, if in the exercise of that discretion the surveyor decides that the ditch has not been cleaned to his satisfaction and then in good faith causes the same to be cleaned according to statute, the surveyor has done his duty.

To not hold the appellant to the strict letter of the law and to permit him to retain the benefits of the labor performed as a result of the contract let by the County Surveyor would result in manifest injustice.

We have examined each of the assignment of errors, and, finding no error, judgment affirmed.

NOTE.—Reported in 123 N. E. 2d 650.